### CONGREVE *v.* MORGAN and SMITH.

The liability of one who, without authority, makes an excavation in a highway, is not discharged or affected by the fact that, having provided a sufficient covering thereto, it was destroyed by the act of a wrong-doer. He is bound at his peril to keep it so covered that the highway is as safe as before.

APPEAL from the Superior Court of New York city. This action was brought to recover damages for a personal injury, arising in the same manner and at the same time as the injury in the case preceding, of David Congreve, against the same defendants. The facts proved at the trial were substantially the same as in that case, with some few omissions and additions not necessary to be here noticed. Motions were made for a nonsuit on the same ground as in the other case, which were overruled, and exceptions were taken by the defendants.

The judge charged the jury that, under the decision at general term in the other case, the plaintiff was entitled to recover, and that the defendants were responsible, under all circumstances, for any injury that might happen by the breaking of the stone used to cover the area; to which exceptions were taken.

The judge then submitted to the jury the following questions, to be· answered in writing: Was the stone in question, in the condition in which it was when laid over the area, and as laid, an unsafe stone for the use to which it was applied? Did either of the defendants have notice, or cause to suspect, that it was an unsafe and unfit stone for the use to which it was applied? Was there, on the part of either of the defendants, any negligence or want of care and caution in not knowing or suspecting, before the accident occurred, that the stone had become unsafe?

The jury rendered a general verdict in favor of the plaintiff, for $700 damages, and answered the first question in the affirmative and the other two in the negative.

Judgment was entered for the plaintiff, which was affirmed at general term, on appeal by the defendants, and the defendants appealed to this court. The cause was submitted on printed points.

*Dusenbury & Van Wagoner*, for the appellants.

*Morrison & Browne*, for the respondent.

STRONG, J. The principles laid down by this court, in the case of David Congreve, by his guardian, against these defendants, require that the judgment in this case should be affirmed.

It is made a point, on the part of the defendants, in addition to the questions raised in the other case, that although the stone over the area was unsafe for the purpose of a covering, as found by the jury, if it was fractured after it was laid by the wrongful acts of others, and the injury arose from this cause, the defendants would not be liable, at least not without proof that they had notice of its condition and were under an obligation to repair.

The liability of the defendants does not depend upon their negligence, either in providing an unsuitable stone or in continuing the use of it, after it had become unsuitable from any cause, but from the fact that the stone was unsafe at the time the injury occurred, and thereby occasioned the injury. When the stone became unsafe for any reason, the area was a public nuisance, in like manner as any injury or obstruction to the street would be, and the defendants who continued it, were responsible for it to the public, and to individuals receiving special damage from it without negligence on their part, for the damage sustained. They were bound, at their peril, to keep the area covered in such a manner that it would be as safe as if the area had not been built. This measure of liability is essential to the public interests and the protection of the rights of individuals.

The case of *Daniel* v. *Potter* (4 *Carr. & Payne*, 262) is entirely unlike the present. The doctrine of that case is well stated in the brief note of the reporter, that "a tradesman, who has a cellar opening upon the public street, is bound, when he uses it, to take reasonable care that the flap of it is so placed and secured as that, under ordinary circumstances, it shall not fall down; but if the tradesman has so placed and secured it, and a wrong-doer throws it over, the tradesman will not be liable in damages for any injury occasioned by it." No question of liability for a consequential injury from a direct invasion of the street, or wrongful act, was involved in the case.

It is also suggested that the defendants are not under the same liability to their tenants, in respect to this area, as to other persons; but it does not appear in this case that the plaintiff occupied any part of the building with which the area is connected, or has used the area for any purpose.

SELDEN, J., was absent; all the other judges concurring,

Judgment affirmed.