## MAXFIELD *v.* THE CINCINNATI, INDIANAPOLIS, AND LAFAYETTE RAILROAD COMPANY.

PLEADING.—*Negligence.*—*Railroad.*—A complaint seeking a recovery from a railroad company on the ground of negligence in running a train of cars, whereby the plaintiff has been injured, must expressly allege that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case.

APPEAL from the Marion Circuit Court.

BUSKIRK, J.—The record in this cause presents for our consideration and decision but a single question, and that involves the correctness of the ruling of the court in sustaining a demurrer to the complaint. The complaint was as follows:

"William Maxfield, the plaintiff in this suit, complains of

The Cincinnati, Indianapolis, and Lafayette Railroad Company, a corporation organized under and by virtue of a general law of the State of Indiana, approved February 23d, 1853, defendant, and says that on the 15th day of August, 1869, he purchased, at the ticket office in the Union Depot of the city of Indianapolis, county and state aforesaid, a railroad ticket, a copy of which is filed herewith and made a part hereof, for which he paid the sum of sixty cents, for the purpose of riding on the railroad of said defendant from the city of Indianapolis to the town or village of Acton, in said county of Marion, and return, that being the price charged by the said defendant for that purpose; and the defendant thereby, then, and there, in consideration of the premises, agreed with the plaintiff to carry him on said road, as aforesaid, safely and without injury or damage; and the plaintiff avers, that on getting on the train of coaches at the said village of Acton, on the day and year last aforesaid, for the purpose of returning to the city of Indianapolis aforesaid, he found the coaches composing said train so crowded with passengers that there was no room whatever for him to occupy, either in the inside of any or either of said coaches, or on the platform thereof; that the plaintiff, together with quite a number of other passengers, with the knowledge, permission, and direction of the conductor of said train, got on the top or roof of one of said coaches; that he, the said plaintiff, had no knowledge, of any kind whatever, of any obstructions over said railroad, in the form of bridges or otherwise, under which said train would pass; the plaintiff further avers, that on coming into the said city of Indianapolis, said train running at the rate of ten miles an hour, in the dusk of the evening of said day, said train passed under a bridge on Noble street, in said city, which was constructed over and across the said railroad of said defendant, which was so low that the plaintiff could not pass under the said bridge in a sitting position on the top of said coach, and of the existence of which said bridge the defendant at the time, then and there, had full knowlege; and the plaintiff further

Maxfield *v.* The Cincinnati, Indianapolis, and Lafayette Railroad Company.

avers, that by the negligence of said defendant, through the agents of said defendant then in charge of said train, by said defendant's not giving any notice or warning whatever of the approach of said train to the said bridge, and by running said train at such speed under and by said bridge, the plaintiff, in passing under said bridge on said train, was struck, he at the time being in a sitting position, on the head by said bridge and knocked off of said coach to the ground, in consequence of which the plaintiff's skull was badly fractured, and his spinal column was badly and permanently injured, causing weakness of sight and double vision, and rendering his neck permanently stiff; and the plaintiff further avers that he was put to great expense in having his wounds treated, by having to pay a large doctor's bill, to wit, the sum of five hundred dollars, also to great expense on account of board and nursing, to wit, the sum of five hundred dollars, and that he sustained great loss of time, to wit, six months, which was of the value of four hundred dollars; and he further avers, that in consequence of the above premises and injuries, he has sustained damage to the amount of ten thousand dollars, for which he demands judgment, and other proper relief."

The complaint is fatally defective for not averring that the plaintiff did not, by his own fault or negligence, contribute to the injury by him received. The averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged, that such must have been the case. There is no direct averment in the complaint as to the fault or negligence of the plaintiff, and the facts stated fall far short of showing that the injury must have occurred without the fault or negligence of the plaintiff.

*The Evansville, etc., R. R. Co.* v. *Hiatt,* 17 Ind. 102; *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133; *The Evansville, etc., R. R. Co.* v. *Dexter,* 24 Ind. 411; *The Jeffersonville, etc., R. R. Co.* v. *Hendricks' Adm'r,* 26 Ind. 228.

There are other defects in the complaint, which we do not deem it necessary to notice, as the judgment must be affirmed for the reason already stated.

The judgment is affirmed, with costs.

*W. Morrow* and *N. Trusler*, for appellant.

*C. Baker*, *O. B. Hord*, and *A. W. Hendricks*, for appellee.

