## THE CITY OF FORT WAYNE *v.* DEWITT.

NEGLIGENCE.—*Pleading.*—*Injury to Person.*—In an action for damages for injury to the person, the averment in the complaint, denying contributory negligence, that the injury occurred without the fault or negligence of plaintiff, is sufficient, unless it clearly appears from other facts alleged that such was not the case.

SAME.—*Evidence.*—Where the liability of defendant depends upon negligence, the existence of such negligence must be averred; but it is not necessary to set out the facts constituting such negligence. It is sufficient, when the act complained of as the cause of personal injury is properly stated, to aver generally that such act was negligently done, and under that general averment proof of any and every degree of negligence is admissible.

SAME.—*City.*—*Notice.*—*Street.*—A city is not liable for an injury to a person caused by falling into an excavation in a sidewalk made by the owner of an adjoining lot, and not by the officers or agents of the city, left open, unguarded, without barriers or lights in the night time, where no notice of the condition of such excavation was had by the city, and no facts existed from which notice to the city might reasonably be inferred.

From the Allen Common Pleas.

*A. Zollars*, for appellant.

*J. A. Fay* and *L. M. Ninde*, for appellee.

BUSKIRK, C. J.—This was an action by the appellee to recover damages resulting from injuries alleged to have been received by her by falling into a cellar, which had been excavated by property holders for the purpose of erecting a building, and by them and their employees left open and unprotected. The action was originally brought against the appellant and Byrum D. Minor and William A. Ewing, as

executors of George W. Ewing, deceased, to whose estate the lots adjoining the sidewalk belonged, and Kanna and Ropa, as contractors for the excavation of said cellar; but after the submission of the cause to the jury, the action was dismissed as to all the defendants, except the appellant.

The appellant demurred separately to the complaint, upon the ground that it did not contain facts sufficient to constitute a cause of action against her. The demurrer was overruled, and the appellant excepted.

The appellant answered by the general denial. The cause was tried by a jury, and resulted in a general verdict for the appellee. The jury also returned answers to special interrogatories submitted to them.

The appellant moved for judgment on the special findings, for a new trial, and in arrest of judgment; but all of her motions were overruled, and proper exceptions taken.

The errors assigned are the overruling of the appellant's demurrer to the complaint, and her motions for a new trial, for judgment on the special findings, and in arrest of judgment.

The first error assigned calls in question the sufficiency of the complaint. The complaint alleges that the estate of George W. Ewing owned certain described lots in said city, and that his executors were engaged in the erection of a building thereon, in pursuance of the will of said decedent, and then proceeds as follows:

"That in the execution of their said trust, they employed the said Kanna and Ropa to make an excavation on said lots for a cellar under said building, of the entire size of said lots on said streets, and also to make certain excavations in the sidewalks adjoining said lots on said streets and opening into said cellar, in pursuance of which employment said Kanna and Ropa proceeded to make an excavation on said lots for said cellar, of the full size of said lots, and to make certain excavations in the sidewalks in the said streets adjoining said lots on the south and west, the said last excavation extending into said cellar; that said city suffered said exca-

The City of Fort Wayne *v.* DeWitt.

vations in said sidewalks to be made and to remain open, and the passage of said sidewalks to be obstructed and rendered dangerous to persons passing along said lots ; that said sidewalks were constantly frequented by persons passing to and fro by said lots in said city ; that the defendants, Ewing and Minor, Kanna and Ropa, left the said excavations, including said cellar and said excavations in said sidewalks, uncovered and unprotected, and without any barriers or guards to prevent persons, passing along said sidewalks and lots, from falling into said cellar or into said excavations in the said sidewalk ; and the plaintiff avers that afterward, to wit, on the — day of ———, 1868, the said defendants negligently left said excavations in said sidewalk uncovered and without any guards or lights to prevent persons from falling into said excavations and into said cellar, while passing along said sidewalks ; and the plaintiff, while passing with due caution along the said sidewalks, on the evening of said day, without any fault on her part, fell into one of said excavations in the sidewalk, and thence into said cellar ; that the said excavations and said cellar were at the time uncovered, and without any guards or lights to protect persons, passing along said sidewalk, from falling into said excavations and being injured thereby."

We omit the residue of the complaint, as it consists of a description of the plaintiff's injuries and prayer for judgment.

Four objections are urged to the complaint:

1. That it appears from the face of the complaint that the appellee was guilty of contributory negligence.

2. That it does not allege that the city was guilty of negligence.

3. That it does not aver that the appellant had notice of the wrongful acts of Ewing and Minor, and Kanna and Ropa.

4. That the appellant is not liable in damages, at the suit of an individual, in a case like the one made in the complaint.

The first objection is not well taken. It is averred that "the plaintiff, while passing with due caution along the said sidewalks, on the evening of said day, without any fault on her part, fell into one of said excavations in the sidewalk, and thence into said cellar."

It is the settled rule in this court that the averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear, from the facts which are alleged, that such must have been the case; and if it be alleged that the injury occurred without the fault or negligence of the plaintiff, this averment will be sufficient, unless it plainly and clearly appear, from the other facts stated, that the injury was produced by the fault or negligence of the plaintiff. *Riest* v. *The City of Goshen,* 42 Ind. 339; *The Jeffersonville, etc., R. R. Co.* v. *Hendricks,* 41 Ind. 48; *Maxfield* v. *The Cincinnati, etc., R. R. Co.,* 41 Ind. 269.

The complaint contains the affirmative allegation that the injury resulted without the fault of plaintiff, and it does not plainly and clearly appear from the facts stated that the injury was produced by the fault or negligence of the plaintiff.

We next inquire whether the complaint alleges that the city was guilty of negligence. The only averment on that subject is, "that said city suffered said excavations in said sidewalks to be made and to remain open, and the passage of said sidewalk to be obstructed and rendered dangerous to persons passing along said lots."

It is insisted that the word "suffered" has a negative meaning, and is not the equivalent of the word "permitted," which has an affirmative meaning and implies action. Worcester defines the word "suffer" as follows: "3. To allow; to admit; to permit;" and illustrates its meaning thus: "God is faithful, who will not suffer you to be tempted above that ye are able. 1 Cor. x. 13." The same author defines and illustrates the word "permit" thus: "2. To grant permission, liberty or leave; to allow; to suffer; to tolerate; to empower; to license; to authorize. Thou art permitted

to speak for thyself. Acts xxvi. 1." The two words are pseudo-synonymes; there is a shade of difference between their meanings. The word "permit" seems to convey the idea of affirmative action more than the word "suffer." But regarding the word "suffered" as the equivalent of "permitted," the question returns whether the use of that word charges the appellant with negligence. It is not charged that the city by any affirmative act authorized the making of such excavations, but it is fair to presume that it had notice thereof, and suffered the work to progress without objection. The act itself was necessary and lawful. The public have a right to the free passage of the streets, including the sidewalks, and yet that right can not always be enjoyed. Improvements could not be made in cities and large towns, houses could not be built, or repaired even, without the streets being at some time obstructed. These are not invasions of, but simply incidents to, or rather qualifications of, the right of travel; and the limitations upon them are, that they must not be unreasonably and unnecessarily interposed or prolonged, and must be properly guarded and protected. *Chicago City v. Robbins*, 2 Black, 418; *Clark* v. *Fry*, 8 Ohio St. 359; *Commonwealth* v. *Passmore*, 1 S. & R. 217; *Bush* v. *Steinman*, 1 B. & P. 404; *Ellis* v. *Sheffield, etc., Co.*, 2 Ellis & B. (75 Eng. C. L.) 767.

It being lawful for the persons engaged in the erection of such building to make such excavations, the city is not liable for permitting them to be made.

But it is also alleged that the city suffered such excavations to remain open, and the passage of said sidewalks to be obstructed, and dangerous to passengers. The liability of the city may be based upon two grounds:

1. For the acts of the corporation, its officers, or servants, or others acting by its authority.

2. For the wrongful acts of third persons.

We are, at present, considering its liability upon the first ground stated, and will consider the other proposition presently. In such case the ground of the action is positive

misfeasance on the part of the corporation, its officers, or servants, or by others under its authority, in doing acts which caused the injury. It is not pretended that the appellant was guilty of any positive misfeasance; consequently, there can be no liability against the appellant upon that ground.

We turn, then, to the examination of the question whether the averments of the complaint are sufficient to create a liability against the appellant for the wrongful acts of third persons. In such case the ground of the action is the neglect of the corporation to remove obstructions from the streets, or to remedy causes of danger occasioned by the wrongful acts of others. *Higert* v. *The City of Greencastle*, 43 Ind. 574, and authorities cited.

The ground of the liability being negligence, it is necessary that the complaint should have alleged that the appellant negligently suffered the excavations to remain open, and the passage of the sidewalks to be obstructed and rendered dangerous to passengers. Where the liability depends upon negligence, the existence of such negligence must be averred. But it is not necessary to set out the facts constituting such negligence. It is sufficient, when the act complained of is properly stated, to aver generally that such act was negligently done; and under this general averment, proof of any and every degree of negligence is admissible. *The Ohio, etc., Railway Co.* v. *Selby, post*, p. 471.

In our opinion, the complaint was fatally defective for failing to charge the appellant with negligence.

We proceed to inquire whether the facts stated in the complaint are sufficient to create a liability against the appellant for the wrongful acts of Ewing and Minor and their employees, and this involves an inquiry into the question of whether it was necessary to allege that the appellant had notice of such wrongful acts.

It was unquestionably the duty of Ewing and Minor and their employees to use every possible precaution to prevent injury, and it was their duty, while the excavations were

The City of Fort Wayne *v.* DeWitt.

open, to protect the public by barriers and lights. *Dygert* v. *Schenck*, 23 Wend. 446; *Congreve* v. *Morgan*, 18 N. Y. 84; *Storrs* v. *The City of Utica*, 17 N. Y. 104; *Coupland* v. *Hardingham*, 3 Camp. 398.

Without express permission from the city, but under an implied license, they made the excavations necessary to the erection of their building. The privilege extended to them was for their benefit alone; the city derived no benefit from it, except incidentally. No license can be presumed from the city to leave the area open and unguarded for a single day or night. The city gave them permission to do a lawful and necessary work for their own convenience and benefit, and not to create a nuisance. It was not the duty of the city to supervise the erection of buildings by private persons. *Chicago City* v. *Robbins, supra.*

It was, however, the duty of the appellant to see that the streets, including the sidewalks, were in a reasonably safe condition for travel in the ordinary modes, by night as well as by day. Where an obstruction is caused by the direct act of the corporation or its agents, no notice to the corporation, of the condition of the street, is essential to its liability, but where the obstructions are caused by the wrongful act of others, notice of the condition of the street, or what is equivalent to notice, is necessary. The law upon this subject is stated with great accuracy by Judge DILLON, in sections 789 and 790, where he says:

"The ground of the action is either positive misfeasance on the part of the corporation, its officers, or servants, or by others under its authority, in doing acts which cause the street to be out of repair, in which case no other notice to the corporation of the condition of the street is essential to its liability; or the ground of action is the neglect of the corporation to put the streets in repair, or to remove obstructions therefrom, or to remedy causes of danger occasioned by the wrongful acts of others, in which cases notice of the condition of the street, or what is equivalent to notice, is necessary, as will presently be stated, to give to the person injured

a right of action against the corporation, unless, indeed, the matter be otherwise regulated by statute."

The same author, in section 790, says:

"Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others; but, as in such case, the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability; for in such cases the corporation, in the absence of a controlling enactment, is responsible only for a reasonable diligence to repair the defect or prevent accidents after the unsafe condition of the street is known, or ought to have been known, to it, or its officers having authority to act respecting it."

See, also, *Higert* v. *The City of Greencastle, supra,* and authorities cited.

The complaint alleges that Ewing and Minor, and their employees, "negligently left said excavations in said sidewalk uncovered and without any guards or lights to prevent persons from falling into said excavations and into said cellar, while passing along said sidewalks." But it is not alleged that the city or its officers had any notice of the condition of said excavations; nor are any facts stated from which notice might reasonably be inferred. There is no averment as to the length of time such excavations were left open and unprotected. For aught that appears in the complaint, it may have been only for a single hour or day.

In our opinion, the complaint should have alleged that the appellant had notice, or such facts should have been stated, from which notice might have been reasonably inferred.

We do not deem it necessary to consider at any length the fourth objection. The position assumed by counsel is, that in this State there is no common law liability against

Hildebrand, Adm'r, *v.* The Toledo, etc., R. W. Co.

municipal corporations, that there is no liability against them unless it is expressly given by a positive statute. The position is wholly untenable. The rule contended for exists in the New England states, but nowhere else. The whole subject underwent a careful and thorough examination in *Higert v. The City of Greencastle, supra,* and was decided adversely to appellant.

Having reached the conclusion that the complaint is fatally defective for the reasons stated, the judgment must be reversed; and as the other questions discussed may not arise upon another trial, with an amended complaint, we will not now consider them.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer of the appellant to the complaint.