HOTEL ASSOCIATION OF OMAHA, PLAINTIFF IN ERROR, v. FRANK WALTER, DEFENDANT IN ERROR.

1. Evidence examined, and *Held*, To sustain the verdict.

2. Negligence: INJURIES TO PERSON: GUARD AROUND AREA IN PUBLIC STREET OF CITY. The owner of a hotel had constructed an area-way under the sidewalk, for an elevator to lower baggage about twelve feet to the basement of the hotel, and as a guard had placed a rail of gas pipe, about seven feet six inches in length, by from two to three inches in diameter, in iron posts about two feet above the edge of the sidewalk. This rail was so arranged as to be taken out when baggage was to be raised or lowered by the elevator. The fastenings at one end of the rail had become loose and unsafe, of which the proprietor had notice. One W., a patron of the hotel, on leaving same, in conversation with a friend, leaned against the rail in question, which gave way and precipitated him partly into the area-way below, causing him to strike on the edge of the sidewalk, from which he sustained severe injuries. *Held*, That it was the duty of the hotel company to keep the rail in question in a safe condition, and that it was liable for the injuries sustained by W.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

Hotel Association v. Walter.

*James W. Savage* and *Charles Ogden*, for plaintiff in error, cited: *Stickney v. Salem*, 3 Allen, 374. *Stinson v. Gardiner*, 42 Maine, 248. *Blodgett v. Boston*, 8 Allen, 237. *Stackpole v. Healy*, 16 Mass., 33. *Pearsall v. Post*, 20 Wend., 111.

*J. C. Cowin*, for defendant in error, cited: 2 Dillon Mun. Corp., Sec. 1,032. 1 Thompson Negligence, Secs. 5, 7. *Stuart v. Havens*, 17 Neb., 211. *Plattsmouth v. Mitchell*, 20 Id., 228. *City of Lincoln v. Walker*, 18 Id., 244. *Kennedy v. Mayor*, 73 N. Y., 365. *Robins v. Chicago*, 4 Wall., 657. *Beatty v. Gilmore*, 16 Penn. State, 463.

MAXWELL, J.

This action was brought in the court below by Walter against the hotel company, the cause of action being stated in the petition as follows: "That at the times hereinafter stated, and at the time of the injuries hereinafter complained of, the said Omaha Hotel Company owned a hotel, situated on the north-east corner of Douglas and 13th streets, in the city of Omaha, county of Douglas, and state of Nebraska, and were conducting a hotel business therein; that in the street on the west side of said hotel building the said defendant dug an area-way next to and adjoining said building, of the width of five or six feet, and of a depth from the street of twelve feet or more; that said excavation is wholly on 13th street, as aforesaid, and for the purpose of protecting said area-way the said defendant placed adjoining to the same, on the outer edge thereof, a railing, consisting of one iron bar and iron pillars; that in said area-way there was operated by the said defendant a baggage elevator, which was operated up and down said area-way for the purpose of taking trunks and other baggage from said street into the basement of said hotel; that for the purpose of having

access to said elevator, the bar immediately adjoining the same, which was placed for protection against said area, was movable, so that it might be and was taken out and put in at will; that plaintiff is a resident of the city of Omaha and has been such resident for eighteen years last past; that on the 28th day of August, 1884, this plaintiff was in said hotel building, which building is known as the Millard Hotel, and walked out of said building at the west entrance, that is on 13th street; that after stepping out onto the street he met a friend, and they turned immediately north from the entrance way to said hotel to converse, and while so conversing this plaintiff stood near the iron bar hereinbefore described, immediately adjoining the said area-way where said elevator was operated; that while thus conversing he leaned towards said bar, having his hand on the iron post; that thereupon while conversing as aforesaid he gradually leaned against the bar, supposing the same to be safely adjusted, and while thus leaning against said bar the said bar dropped out of said supports in the iron pillars and fell on the sidewalk; that the giving away of said bar hurled this plaintiff with great force and violence to the sidewalk, his feet slipping from under him, while he held with his left hand upon the iron pillar as aforesaid, and a portion of his body hung over the area-way, in which position he remained until assisted therefrom; that said fall caused great injury to this plaintiff; that he was confined to his bed thereafter for a period at first of eight or ten days, and afterwards for a period of five or six weeks; that plaintiff's spinal column was severely and permanently injured; that the nervous system received a severe shock, from which plaintiff has never recovered; that the left side was severely injured, and that the plaintiff has suffered great pain from said injuries from time of said accident to the present time; that plaintiff has never recovered from said injuries, and is informed and believes

that he never will; that besides great physical pain suffered by this plaintiff by reason of the said injuries, he has also suffered great torture and anxiety of mind; that he has been to great expense by reason of said injuries, in medical attendance, medicine, and nursing, to-wit, in the sum of three hundred dollars; that said injury was caused by the gross negligence and carelessness of the said defendant, the Omaha Hotel Company, in the construction of said area-way, in operating an elevator on the street, and by insecurely placing said bar as a protection for said area-way; that said bar was easily removed from said place and was carelessly and negligently maintained; that there was no negligence whatever on the part of this plaintiff; that he had no knowledge that said bar was movable, or that it was carelessly placed where it was, but supposed the said protection to be firmly, carefully, and substantially constructed."

The hotel company, in its answer, admits that it is a corporation doing business at the place stated in the petition. It also admits "that there is an area-way on the side of said hotel, on 13th street in said city, and that the said area-way was protected on the outer edge thereof by a railing consisting of an iron bar and iron pillars; and admits that there was operated by said defendants a baggage elevator, which could be moved up and down said area-way for the purpose of taking trunks and other baggage from said street into the basement of said hotel; that there was a bar which was movable, but deny that it might be and was taken out and put in at will; admits that the said plaintiff leaned against said bar having his hands on the same at the time of the accident, but denies each and every other allegation contained in said petition not herein admitted." There is also an allegation that the accident was caused by Walter's negligence.

On the trial of the cause the jury returned a verdict in favor of Walter for the sum of fifteen hundred dollars.

A motion for a new trial was thereupon filed by the hotel company, which was overruled and judgment entered on the verdict.

The errors assigned in this court are, first, that the evidence is insufficient to sustain the verdict; second, error in giving certain instructions.

The testimony tends to show that the plaintiff in error was conducting a large hotel on the corner of 13th and Douglas streets, in the city of Omaha; that it had an area-way on 13th street, in which was an elevator for baggage, to lower such baggage into the basement, this area-way being about twelve feet in depth. This area-way was protected or apparently protected by a piece of gas pipe, about seven feet six inches in length and from two to three inches in diameter, which was placed along the outer edge of the area-way, about two feet above the opening, and apparently fastened to iron posts. This area-way was near a public entrance to the hotel. Connected with the hotel was a saloon, and Walter, but a few minutes before the accident, had entered the saloon with a friend and each drank a glass of wine. Walter and his friend continued to converse on some subject after leaving the saloon, and going out on 13th street they stopped near the area-way spoken of, and Walter leaned against the gas pipe guarding said area-way, with one of his hands upon one of the posts supporting the pipe. The testimony shows that he supposed the said bar to be perfectly safe, and conversing with his friend he leaned backward against said gas pipe, when it gave way and he was precipitated partially into the area-way, and struck upon the end of the spinal column, and sustained the injuries complained of. The testimony tends to show that the piece of gas pipe or bar spoken of was so arranged that it could be taken out when it was desired to raise or lower baggage in the elevator, and that when the elevator was not in use it was to be replaced; the testimony also tends to show that for several

days prior to the accident the bar had been in an unsafe condition, and that a witness called the attention of one of the proprietors of the hotel to that fact; that people were in the habit of leaning against said bar, and sitting on it, of which the proprietors had notice. As to the character of the injuries sustained by Walter, Dr. Tilden, who attended him soon after the injury, testifies:

Q. State where Mr. Walter was, and the condition you found him in, and what was the trouble?

A. I found him on the bed, suffering pain; he seemed to be suffering a good deal of pain; I prescribed for him. This morning I looked at my book to see how much I attended him, and the next day I saw him twice; I think that they sent for me the second time next day; I saw him, I think, three or four times.

Q. What was he complaining of, did he state to you?

A. Yes, he stated he had pain principally in the back, the spine.

Q. What about the side?

A. He complained, I think, of pain there, too, but principally in the back, and pain about the ribs; I examined them to see if they were broken; I think the principal pain was in the back.

Q. Do you know whether or not he was flighty at all, out of his head?

A. He seemed to be disturbed somewhat; I think that he was suffering a good deal; he did not seem to be entirely rational.

Q. Did you examine the back?

A. Yes, sir.

Q. State whether there were any external appearances of injuries?

A. Not that I remember; it is possible that he had been putting on mustard plasters that made the parts look red, or something that would have prevented my seeing any redness.

Q.   He described to you the fall that he had on the sidewalk?

A.   Yes, sir.

Q.   On the edge of the area-way?

A.   Yes, sir.

Q.   If he struck on the end of his spinal column, state whether or not it is liable to produce injuries that are not apparent on the outside?

A.   Yes, sir, a shock to the spine that way would produce injuries that would not be apparent, and might not develop for months; that is a common thing; these spinal injuries and shocks are far-reaching in their consequences often.

Q.   And may develop years afterwards?

A.   Well, yes, months and perhaps years.

There is a large amount of testimony tending to corroborate that of Dr. Tilden.   The hotel company introduced a large number of witnesses to prove that Walter was addicted to the excessive use of intoxicating drinks. The most that can be said of this testimony is, that it was proved that he was accustomed to the use of intoxicating liquors; as stated by one of the witnesses, "I have seen him go into a saloon and take a drink off and on at different times;" but the jury would be justified from the testimony in finding that the injuries were not attributable to the use of the liquor.   Upon a careful review of the testimony there is no doubt that it fully sustains the verdict, and the first objection must be overruled.

The court instructed the jury as follows:

" 1.  This action is brought for the recovery of damages, alleged by the plaintiff to have resulted from an injury which he sustained by reason of the carelessness and negligence of the defendant, a corporation engaged in maintaining and conducting a hotel in this city.

" 2.  The particulars of the alleged injury and negligence are set forth in the petition, as plaintiff claims the facts

were, and this will be before you. The gist and substance of his complaint is, that he sustained serious bodily injuries by the accident referred to in the proofs, that the accident was due solely to the insecure and negligent manner in which the bar or portion of the railing connected with the accident was placed or left by defendant.

"3. It was the duty of the defendant to use and observe reasonable care and caution in placing and securing the bar in question, and for preventing injuries or accidents to persons who might be at or near the same.

"4. It was, likewise, the duty of plaintiff to use reasonable care and caution to avoid an injury or accident to himself, while at and near the bar and place in question.

"5. If the accident occurred solely in consequence of negligence, or want of reasonable care or precaution on the part of defendant, it is liable for such injuries to plaintiff as resulted therefrom.

"6. But, if the accident was caused, either wholly or in part, by a want of reasonable care or attention to his situation on the part of the plaintiff, he cannot recover. In other words, if the accident was caused by a want of due care on the part of both parties contributing thereto, the law will not aid the plaintiff.

"7. Whether there was, or was not, negligence or want of due care on the part of either the defendant or plaintiff, or both, is to be determined by you, in consideration of all the facts, the situation, and surroundings at the time of the accident, tested by your judgment as practical men. The court cannot lay down any legal rules by which to resolve the question.

"8. The want of authority to make an excavation and operate an elevator in the sidewalk space where the accident happened would not render the defendant liable therefor, without negligence in the method of construction, or condition in which the bar or railing was suffered to remain.

" 9.   If you find for the plaintiff, you should allow him such damages as are shown to have been the result of the injury which he received at the time of the accident, not exceeding in any respect the amount claimed or alleged in the petition.   In respect to plaintiff's pulmonary or other ailments which manifested themselves subsequent to the accident, you will determine from the evidence whether they did, or did not, result from the injuries sustained at that time.   If they did, and this was the sole cause of them, or if it developed them without fault or negligence of the plaintiff, you should allow proper damages therefor.   If, however, they were the result, either wholly or in part, of negligence, or careless exposure, or improper indulgence in stimulants on the part of the plaintiff, damages should not be allowed on account thereof.   Medical treatment and expenses therefor, and physical pain or mental suffering, as a proper element of damage to be considered."

The defendant below, plaintiff in error, excepted to the second paragraph, and now assigns the giving of the same for error.   It is said, in substance, that the jury were led to believe that the facts, as set out in the petition, were to be taken as proofs and so considered by the jury.   This, however, could not have been the case.   The court said the particulars of the alleged injury and negligence, as the plaintiff claims the facts were, are set forth in the petition; that is, the details.   The court then proceeds to state the gist of the action.   The court does not assume any facts to have been proven, but submits the questions to the jury.   There is no prejudicial error, therefore, to the plaintiff in error.

Objection is made to the fifth paragraph, that " if the accident occurred *solely* in consequence of negligence and want of reasonable care and protection on the part of defendant, it is liable to plaintiff for such injuries as resulted therefrom."   It is said that this instruction is misleading, because it fails to state, "provided the plaintiff was free from contributory negligence."   But if the accident oc-

curred *solely* in consequence of the negligence of the defendant below, then the plaintiff below must have been free from contributory negligence, and the jury must have so understood it.

Exceptions were also taken to paragraphs seven and nine, but as there is no particular error pointed out in the same they will not be considered.

In *Congreve v. Smith*, 18 N. Y., 79, an action was brought to recover damages for personal injuries sustained by a young child, by reason of being precipitated into an area under the sidewalk, in front of the defendant's premises. The plaintiff lived with his father, in the second story of the building, over the store, and the plaintiff's father, by permission of the defendant, had placed some of his goods in the area, but used it only temporarily, and paid no rent therefor. The defendant was the owner of the building, but did not occupy any portion of it. The area extended under the street, and was covered by flagstone. The flagstone was set by a contractor, who contracted to do all the work in a workmanlike and substantial manner, and to furnish good and sufficient materials therefor. A verdict was rendered in favor of the plaintiff in the court below, and the question came before the court of appeals, where Strong, J., delivered an opinion, as follows: "The verdict of the jury involves the finding that the stone covering the area was unsuitable and unsafe for that purpose, wherefore it broke, and the plaintiff received the injury in question. *The area was under the surface of the public street*, and was maintained for the benefit of the property of the defendant, and the stone was placed over it under contractors with the defendant for the completion of the defendant's building in pursuance of the contract. No license from the city for the area was proved. It certainly is just that persons who, without special authority, make or continue a covered excavation in a public street or highway, for a private purpose, should

be responsible for all injuries to individuals resulting from the street or highway being thereby unsafe for its appropriate use, there being no negligence by the parties injured, and I entertain no doubt that a liability to that extent is imposed upon them by law. * * * The general doctrine is, that the public are entitled to the street or highway in the condition in which they placed it; and whoever, without special authority, materially obstructs it, or renders it hazardous, by doing anything upon, above, or below the surface, is guilty of a nuisance, and, as in all other cases of a public nuisance, individuals sustaining special damage from it, without any want of care to avoid injury, have a remedy by action against the author or person continuing the nuisance. *No question of negligence can arise, the act being wrongful.* It is as much a wrong to impair the safety of a street by undermining it as by placing objects upon it. There can be no difference in regard to the nature of the act or the rule of liability, whether the fee of the lands within the limits of the ease·· ment is in a municipal corporation, or in him by whom the act complained of was done; in either case the act of injuring the easement is illegal." See also *Congreve v. Morgan*, 18 N. Y., 84. *Dygert v. Schenk*, 23 Wend., 446. And even where there is authority from the city to make the excavation, it is to be done with proper precautions to prevent accidents to travelers. *Robbins v. Chicago*, 4 Wall., 657, 679. Where an excavation is made so near a public thoroughfare that a person passing along may be precipitated into it, it is the duty of the occupant of the premises to provide suitable guards to prevent such injuries. *Pickard v. Smith*, 10 C. B. (N. S.), 470. *Bishop v. Trustees*, 1 Ell. & Ell., 697. *Hardcastle v. So. Yorkshire R. R. Co.*, 4 H. & N., 67. *Williamson v. Fairer*, 32 L. J. (Ex.), 173. *Brinks v. R. R. Co.*, 22 L. J. (Q. B.), 26. *Harmsell v. Smyth*, 29 L. J. (C. P.), 203. *Wettor v. Dunk*, 4 F. & F., 298. *Indemaur v. Dames*, L.

R., 1 C. P., 274. And this rule is particularly applicable near a large hotèl, thronged with travelers, and on a public street like 13th street. The proprietors were well aware that persons frequenting the hotel were in the habit of leaning against or sitting on the rail in question, and they were guilty of gross negligence in leaving it thus insecure. Considerable objection has been made that Walter was not a patron of the hotel, and therefore had no right upon the grounds, and for that reason cannot recover. It is sufficient to say that he was a patron of at least one department of the hotel—the saloon, and therefore the objections of the plaintiff in error do not apply. But even had he been a stranger, it is probable that, upon the facts proved, he would have been entitled to recover. The instructions were more favorable to the hotel company than it was entitled to. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.