Wickwire *et al. v.* The Town of Angola.

## No. 343.

## WICKWIRE ET AL. *v.* THE TOWN OF ANGOLA.

MUNICIPAL CORPORATION.—*Action for Damages Against.—Defective Sidewalk.—Liability of Abutting Property-Owner.—Duty to Keep in Safe Condition.—Remote Grantor.*—The defendants owned a lot with a business building thereon, abutting upon one of the public streets of a town. There was an area in the sidewalk in front of said building, partly covered by a flagstone and partly open, for the purpose of light and of gaining access to the basement. The open portion was guarded by an iron railing. The stone was placed on a secure foundation, but partly on account of decay and partly on account of an unusually severe rainstorm, the foundation gave way and one side of the stone was thrown forward so as to render the sidewalk dangerous. The stone was removed from its dangerous position with the knowledge and consent of the municipality, and the area thereby left uncovered and unguarded for a period of three weeks. During that interval a pedestrian fell into the excavation caused by the removal of the stone, and was injured, and recovered a judgment against the municipality.

*Held,* that, in an action against the abutting property-owners by the city, they can not escape liability by showing that the particular part of the area which caused the injury was of no benefit to and was not used by them, as the area must be considered as an entirety.

*Held,* also, that although the area was excavated by a prior owner and a remote grantor of the defendants by and with the consent of the town, the defendants were liable for a failure to keep it in a safe condition, if they maintained and used it. It is presumptively a beneficial appurtenance to the realty.

*Held,* also, that if the injury was caused by the giving way of the foundation walls which supported the flagstone, those walls were made necessary by the area, and it was the duty of the defendant to maintain them in a safe condition.

SAME.—*Excavation Made With Consent of.—Duty of Abutting Property-Owner Concerning.*—Where an excavation is made in a sidewalk with the consent of the municipality, the abutting property-owner is bound to exercise ordinary care and diligence to maintain it in a safe condition.

PRACTICE.—*Pleading.—Sustaining Demurrer.— Harmless Error.— How Can not be Converted into Harmful Error.*—Where a demurrer was sustained to a paragraph of answer, and all the facts contained in said paragraph were admissible under the general denial on file, it was not reversible error, even if the ruling was erroneous, and the defendants can not make it such by withdrawing their general denial.

SAME.—In determining the effect of the ruling of the court, regard must

be had to the condition of the record at the time it was made, and if it was then correct, or harmless if wrong, it can not afterwards be changed by the act of the party against whom it was made, and be rendered available upon appeal.

From the Steuben Circuit Court.

*R. W. McBride,* for appellants.

*J. A. Woodhull* and *W. M. Brown,* for appellee.

CRUMPACKER, J.—The town of Angola sued William and George R. Wickwire to recover a sum of money it had been compelled to pay one Swift for damages for an injury he received on account of a defect in the sidewalk in front of the defendants' business lot in said town.

The complaint is in three paragraphs, the first of which charges, in substance, that the defendants owned a lot in said town abutting upon one of the public streets, and upon which was a business building; that they wrongfully, and without the consent of said town, made and maintained an excavation in the sidewalk in front of said building, to be used in connection therewith, and carelessly and negligently failed to keep such excavation securely covered and safely guarded, and on the 29th day of June, 1889, while said excavation was in such unprotected condition, one Swift, while lawfully travelling upon said sidewalk, fell into such excavation and was injured; that said Swift sued the town for damages resulting from such injury, and the town duly notified the defendants herein of such action and requested them to defend the same, and in pursuance of such notice they did appear to and assist in the defence of said action; that said Swift recovered a judgment against the town for the sum of $319.30, which it has been compelled to pay. Wherefore judgment is prayed.

The second paragraph is the same, in substance, as the first, except it avers that the excavation was made and maintained for the purpose of gaining access and admitting light and air to the basement under said building, and for

the defendants' sole use and benefit, and it does not aver that it was maintained without the consent of the town.

The third paragraph, in its legal aspect, is the same as the second. An answer was filed, consisting of four paragraphs, the first of which was the general denial.

It is alleged in the second paragraph that in 1879, the town, by an ordinance duly passed and adopted, required the street and sidewalk in front of defendants' building to be graded, paved and planked, and in pursuance of such ordinance, and in accordance with its specifications, the defendants built a substantial plank walk along their said lot, except in front of the door to the entrance of the building, where they placed a flagstone, which served as part of the sidewalk and a step to the entrance of the building; that said stone was placed on a secure foundation; but in 1889, partly on account of decay, and partly on account of a rain storm of unusual severity, such foundation gave way, and one side of said stone was thrown downward in such a manner that it rendered the walk dangerous; and the defendants, with the knowledge and consent of the officers of the town, removed said stone, thus leaving an opening, or cavity, in said walk, in which said Swift received the injury for which he recovered judgment; that said opening or cavity was not made to gain access or admit light and air to any part of said building, nor was it caused by the act or omission of the defendants, but by removing said flagstone, and in no other manner.

It is alleged in the third paragraph that there was a brick business building upon the defendants' said lot, erected by a prior owner and a remote grantor of the defendants, and such owner, at the time of the construction of said building, by and with the consent of the town, excavated an area in the sidewalk along the side of said building twenty feet long, four feet wide and six feet deep for the purpose of gaining access to the basement thereof, and they constructed a secure and substantial iron railing around said area, ex-

cept for the distance of six feet, which was covered with a good substantial flagstone; that such flagstone formed part of the sidewalk which was built by said prior owner under an ordinance of said town; that said area in said sidewalk was protected and covered, as aforesaid, at the time defendants became the owners of said lot, and the same was in a secure and safe condition, and so remained until in 1889, when, by reason of a rainstorm of unusual severity, the foundation walls under said flagstone became weakened and undermined, thus precipitating one side of said stone in the area below, thereby causing the other side to be correspondingly elevated, thus forming a dangerous obstruction in the walk, whereupon defendants, with the knowledge and consent of the town, and with the assistance of its marshal, removed said stone from its dangerous position, thereby leaving the area uncovered, which the town carelessly continued to leave uncovered and unguarded for three weeks, and until said Swift was injured therein; that said injury occurred from the falling and removal of the stone from the sidewalk and not from the area beneath it.

The fourth paragraph is the same as the third, except it alleges the construction of the area by a prior owner and the placing of the stone over that part in front of the entrance into the building; that it was not done by or for the benefit of the defendants, and they received no benefit from that part of the area, and did not use it; that they assisted in defending the suit of Swift against the town only as taxpayers.

A separate demurrer, filed to each paragraph of answer except the first, was sustained by the court, and the defendants excepted and refused to further plead. They then withdrew the first paragraph and judgment was rendered upon the complaint in favor of the town for the full amount of the claim. From such judgment the defendants appeal, and assign the rulings upon the demurrer to the answer for error.

It is quite apparent that all of the facts contained in the

second paragraph of answer were provable under the general denial, which had not been withdrawn at the time of the ruling upon the demurrer. This being true, the decision of the court sustaining the demurrer to such paragraph was harmless and not reversible, if it were conceded to be erroneous. One against whom a harmless ruling has been made can not voluntarily change the issues so that it shall become harmful, and thus bring into the record a reversible error. In determining the effect of a decision, regard must be had to the condition of the record at the time it was made, and if it was then correct, or harmless if wrong, it can not afterwards be changed by the act of the party against whom it was made and rendered available upon appeal. *Cincinnati, etc., R. W. Co.* v. *Smith,* 127 Ind. 461.

It is insisted by counsel for appellant that incorporated towns in this State have power under the general statutes to compel abutting property owners to build and construct new sidewalks and street improvements, but after such improvements have been constructed, there is no power in such corporations to compel owners to make repairs thereto. Assuming this to be the law, it is further insisted that the third paragraph of answer shows the excavation was made by a prior owner of the property, who at the time constructed a good, substantial sidewalk along the property, under an ordinance of the town, and the flagstone covering part of the area was part of the sidewalk, and when it became out of place and dangerous, it constituted a defect in the walk which could only be remedied by repairs, and it was this defect in the walk, and not the area, that was the responsible cause of the injury to Swift.

Cities and towns in this State have control of streets and sidewalks within their respective limits, and are bound to exercise reasonable care to keep them in a safe condition for travel. This duty is primary, and can not be delegated to

another so as to transfer the responsibility. Municipal corporations may, by ordinance or resolution, require sidewalks and street improvements to be made by or at the expense of abutting property owners to the extent of the value of the property, at least. Where one owns property upon which rests the burden of building and keeping in repair walks and street improvements, the weight of authority unquestionably is, that if he fails to perform his duty in that respect, and injury results to another, the municipality is liable for such injury, and the property owner is not liable to the latter if he did nothing more than fail to make the improvement or repair. The right in the corporation to improve or repair at the expense of the property owner, in case of his failure, measures his liability, in the absence of a further statutory liability. *City of Keokuk* v. *Independent District, etc.,* 53 Iowa, 352; *City of Hartford* v. *Talcott,* 48 Conn. 525; *Flynn* v. *Canton Co., etc.,* 40 Md. 312; *Jansen* v. *Atchison,* 16 Kan. 358; *Kirby* v. *Boyleston, etc., Ass'n,* 14 Gray, 249; *Moore* v. *Gadsden,* 93 N. Y. 12; *Heeney* v. *Sprague,* 11 R. I. 456; *Board, etc.,* v. *Noblesville Tp., ante,* p. 145

This doctrine sufficiently disposes of the theory of counsel that, because the town had no power to require appellants to *repair* the walk, there was no breach of legal duty, for, as we have seen, the consequences of a failure to perform such duty, if it existed, would not include the claim involved in this case. But appellants' liability is based upon entirely different principles. Public streets are for public travel, and no one has the right to make any permanent use of a street which will impair its safety as a public thoroughfare. It is well settled that one who places a dangerous obstruction in a street, or makes an excavation in or under a sidewalk, whereby its safety as a thoroughfare is materially impaired, is guilty of creating or maintaining a nuisance, and is liable civilly for whatever damages may result therefrom. *City of Elkhart* v. *Wickwire,* 87 Ind. 77; *McNaughton* v. *City of Elkhart,* 85 Ind. 384; *Catterlin* v. *City of Frankfort,* 79 Ind.

547; *Robbins* v. *City of Chicago,* 4 Wall. 657; *Calder* v. *Smalley,* 66 Iowa, 219; *City of Lowell* v. *Boston, etc., R. R. Co.,* 23 Pick. 24; *City of Lowell* v. *Short,* 4 Cush. 275; *Hadley* v. *Taylor,* L. R. 1 C. P. 51; *Hardcastle* v. *So. Yorkshire, etc., Co.,* 4 H. & N. 67; *Barnes* v. *Ward,* 67 E. C. L. R. 392.

This rule is not based upon any power in the municipality to require the abutting owner to keep the street and sidewalk in repair. It is insisted further in support of the third paragraph of answer, that the giving way of the foundation walls which supported the flagstone, and not the area, was the proximate cause of the injury. These walls were made necessary by the area, and it was appellants' duty to maintain them in a safe condition. There could have been no such defect in the walk as existed, and, consequently, no injury to Swift, except for the excavation, and, upon familiar principles, it must be charged as the proximate cause of the injury. It is as much of an actionable wrong to destroy the safety of a walk by undermining it as it would be to place a dangerous obstruction upon it.

It has been repeatedly held that a property-owner is liable for an injury resulting from the breaking or giving way of a flagstone or hatchway forming part of a walk, and also covering a vault or area, used in connection with the property. *Congreve* v. *Smith,* 18 N. Y. 79; *Congreve* v. *Morgan,* 18 N. Y. 84; *Gridley* v. *City of Bloomington,* 68 Ill. 47; *City of Peoria* v. *Simpson,* 110 Ill. 294; *Robbins* v. *City of Chicago, supra.*

In the case of *Congreve* v. *Morgan, supra,* the court said: "When the stone became unsafe for any reason, the area was a public nuisance, in like manner as any injury or obstruction to the street would be, and the defendants, who continued it, were responsible for it to the public, and to individuals receiving special damages from it, without negligence on their part, for the damage sustained."

There are many adjudications of courts of high standing and respectability, to the effect that permission by the mu-

nicipal authorities to use the street under the sidewalk in connection with abutting property does not change the liability of the property-owner, but that he is bound, at his peril, to keep the street in as safe a condition as if no excavation had been made.   In other words, he is answerable for the consequences, regardless of the question of negligence, on the ground that the municipality can not license a nuisance, and the permission is founded upon the condition that the street shall not suffer on account of the use made of it. *Congreve* v. *Morgan, supra; Village of Port Jervis* v. *First Nat'l Bank,* 96 N. Y. 550 ; *Clark* v. *Fry,* 8 Ohio St. 358 ; *City of Portland* v. *Richardson,* 54 Maine, 46.   See Woods Law of Nuisances, section 373, *et seq.*

Upon the other hand, it is held that any excavation made in a street for private purposes is a nuisance *per se,* if made without consent of the municipality ; but if made with such consent, it does not become a nuisance until it renders the street actually dangerous, and the author is only bound to exercise ordinary care and diligence to maintain it in a safe condition.   He is answerable only for his negligence.   The latter rule has been adopted in this State.   *City of Elkhart* v. *Wickwire, supra; McNaughton* v. *City of Elkhart, supra.* See, also, *Fisher* v. *Thirkell,* 21 Mich. 1 ; *Dickson* v. *Hollister,* 123 Pa. St. 421 ; Elliott Roads and Streets, p. 541.

The third paragraph of answer shows that the flagstone was removed and the area was left uncovered and unguarded for about three weeks before the injury occurred. This was negligence, both upon the part of the town and the appellants, and tested by the rules declared in the authorities above cited, such paragraph was undeniably bad.

The fourth paragraph differs from the third only in the averment that the area was constructed and the flagstone laid by a prior owner, and not by appellants, and that part of the area covered by the flagstone was of no benefit to the property, and was not used by appellants in connection therewith. It should be kept in mind that the area was twenty feet long,

four feet wide and six feet deep. Six feet in length of this excavation was covered by the flagstone, and the balance remained open and was guarded by an iron railing. Appellants purchased the property with the area appurtenant, and that part which was open and guarded was used, presumably, for means of access to the basement of the building, or to admit light and air thereto. This is not denied in the answer. The area was an entirety, and appellants will not be permitted to escape liability by showing that the particular part which caused the injury was of no benefit to and was not used by them. One who constructs a vault under a sidewalk to be used in connection with adjacent property, is, ordinarily, the responsible party; but, upon the alienation of the premises, the alienee becomes responsible, if he maintains and uses the vault. It is presumptively a beneficial appurtenance to the realty.

The judgment is affirmed.

Filed March 29, 1892.