### KANE v. CITY OF INDIANAPOLIS, IND., et al.

(Circuit Court, D. Indiana.    October 13, 1897.)

#### No. 9,462.

1. REMOVAL OF CAUSES—JOINT AND SEVERAL CAUSE OF ACTION—JOINT ACTION
    Where a plaintiff might sue either jointly or severally, and elects to sue jointly, the cause of action, as respects jurisdiction, becomes joint; and a defendant who, if sued alone, might have the cause removed to the United States circuit court, cannot claim such right unless each of the defendants is entitled to claim the federal jurisdiction.

2. DEFECTIVE SIDEWALK—JOINT LIABILITY OF CITY AND PERSON CONSTRUCTING.
    Where the allegations of a complaint against a city and a contractor show that the contractor built and maintained a dangerous and defective sidewalk, under the direction and supervision of the city, it shows a joint concurrence in the construction of the walk and knowledge of its defective and dangerous character, and the liability of both defendants is primary.

3. NEGLIGENCE—STREETS AND SIDEWALKS—OBLIGATIONS AND LIABILITY OF LOT OWNER.
    Outside of positive law, no obligation rests on a lot owner to keep the sidewalk or street in front of his lot in good repair, and no liability for injuries resulting from a failure to do so.

This was an action at law by Thomas E. Kane against the city of Indianapolis, C. E. Clark, and William E. Stevenson, to recover damages for personal injuries. The case was heard on motion to remand to the state court, from which it had been removed.

Holtzman & Leathers and John W. Kern, for plaintiff.

Miller & Elam, for defendants.

BAKER, District Judge. This is an action instituted in the superior court of Marion county, Ind., to recover damages for personal injuries alleged to have been sustained by the plaintiff by a fall caused by a dangerous and defective step in the sidewalk on the south side of Washington street, in the city of Indianapolis. The complaint is in a single paragraph, and says that the defendant Stevenson was the owner of a certain described lot or parcel of real estate situate on the south side of Washington street, having a permanent sidewalk along its front; that the defendant Clark entered into a contract with Stevenson for the erection of a 12-story office building on said lot or parcel of land, agreeing to perform all the work and labor and to furnish all the materials in the construction of said building; that, in performing such contract, it was necessary to remove the sidewalk, and to construct a temporary wooden sidewalk immediately in front of said building. It is further alleged that Clark constructed said temporary sidewalk and a step forming a part of the same in an unskillful and negligent manner, and that they were in certain specified particulars unsafe and dangerous, and likely to cause injury to pedestrians having occasion to use them. The complaint then proceeds:

"Plaintiff further alleges that said temporary wooden sidewalk and said step to be used in connection therewith was [were] made and constructed by defendant C. E. Clark, under the direction and supervision of the defendant the city of Indianapolis, through its proper officers and agents; and plaintiff further alleges that said defendants William E. Stevenson, C. E. Clark, and the city of Indianapolis had full knowledge and notice that the step used in connection with said temporary wooden sidewalk was, by reason of the negligence and unskillfulness in the construction thereof, an insecure, unsafe, and dangerous place for pedestrians to use and step upon in passing along said sidewalk from the time said step was constructed and placed by the defendant C. E. Clark, as hereinbefore described, until plaintiff sustained the injuries hereinafter alleged."

The complaint then proceeds to show that the plaintiff was, by reason of said dangerous and defective step, thrown violently upon the walk, and seriously and permanently injured, without any fault or negligence on his part. The defendant Clark seasonably filed in the state court his petition and bond for the removal of the suit into the circuit court of the United States, alleging in his petition that he was at the time the suit was brought, and still is, a citizen of the state of Massachusetts, and that the defendants Stevenson and the city of Indianapolis were and are citizens of the state of Indiana, and further alleging that the cause of action was, as to him, separable from the cause of action against his co-defendants. The state court granted the prayer of the petition, and made an order transferring the suit into this court. The plaintiff, by counsel, now moves the court to remand the suit to the state court, on the ground that the cause of action dis-

closed in the complaint is joint, and not separable. Counsel for the defendant Clark insist that the complaint discloses no cause of action against the defendant Stevenson, and that the cause of action, as against Clark and the city of Indianapolis, is not joint, but several. The contention of the counsel for the defendant is that the complaint shows that the defendant Stevenson had let the contract for the erection of the building to Clark as an independent contractor, and that he reserved no right of control over the work of erecting the building, and was in no wise responsible for the manner in which the work was performed, and that the mere fact that he, as lot owner, knew that the sidewalk and step were carelessly and negligently constructed in the performance of the contract, gives no right of action against him. Railway Co. v. Farver, 111 Ind. 195, 12 N. E. 296; Water-Supply Co. v. White, 124 Ind. 376, 24 N. E. 747.

In the view which the court takes of the case, it is not important to determine whether or not a cause of action is shown against the defendant Stevenson, for, if no cause of action is disclosed as against him, the suit must still be remanded if a joint cause of action is disclosed as against the defendants Clark and the city. . The court cannot take jurisdiction of a suit upon removal under the statute conferring jurisdiction on the courts of the United States, unless the suit is one which could have been originally brought in such courts. In the case of Strawbridge v. Curtis, 3 Cranch, 267, it was decided that, where a joint interest is prosecuted, the jurisdiction cannot be sustained unless each individual be entitled to claim that jurisdiction. And in New Orleans v. Winter, 1 Wheat. 91, 95, it was decided that in a case where the plaintiff might elect to sue jointly or severally, having elected to sue jointly, the case was incapable of distinction, so far as respects jurisdiction, from one in which he was compelled to sue all jointly. The doctrine so declared has never been departed from by the supreme court of the United States. Hence, in any case where the plaintiff may elect to sue jointly or severally, if he elects to sue jointly, so far as respects jurisdiction, the case must be treated the same as though the cause of action was joint. Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726; Merchants' Cotton-Press & Storage Co. v. Insurance Co. of North America, 151 U. S. 368, 14 Sup. Ct. 367. The cases decided on the circuit which are cited and relied on by counsel for the defendant Clark, in so far as they are in conflict with the doctrine declared in the cases above cited, are not authoritative or controlling on the question here involved, and an examination of them is unimportant; for, if the cause of action against Clark and the city was joint and several, it has, by the election of the plaintiff to sue them jointly, become, as respects jurisdiction, a joint cause of action. The city has the possession and control of streets and walks. Any work done above or below the surface is done presumptively by it, and, for any injury resulting from any obstruction or excavation, it is responsible; and it has a claim over against an individual only when it appears that such obstruction or excavation was made by the individual, or at his instance, or for his benefit. The liability of the individual is no greater because the injury took place on the sidewalk

than if it happened in the middle of the street. The only principle on which the individual can be held responsible is that he caused the injury, and not that he owns a lot in front of which the injury happened. There is, outside of positive law, no natural obligation resting on a lot owner to keep the sidewalk or street in front of his lot in good repair, and no liability for injuries resulting from a failure to do so. If the city permits a lot owner or other person to occupy the sidewalk, or to obstruct a free and safe passage over it, or to endanger its safety by excavations or otherwise, it does not thereby relieve itself from responsibility. It is as to third parties the same as though it had done these things itself. In other words, it cannot transfer to private citizens that responsibility which, for wise purposes of public policy, the law casts upon it in reference to the care and safety of its streets and walks.

From these principles it results that, as to third parties who have sustained injuries from the dangerous and defective condition of its streets and walks, the responsibility of the city is primary, and it cannot shift from itself this primary responsibility. The complaint clearly shows that the responsibility of the defendant Clark is also primary, because he constructed the defective and dangerous step which caused the injury. It is distinctly alleged that Clark and the city jointly concurred in constructing the defective and dangerous step. The temporary wooden walk and the step were constructed by Clark "under the direction and supervision of the defendant the city of Indianapolis"; and it is further alleged that each at all times knew and had notice that the step was dangerous and defective. The act of each, therefore, jointly concurred in the construction of the dangerous and defective step, and there was also a joint concurrence in the knowledge of their wrongful act. It is immaterial whether or not the city has a right of action over against Clark. So far as respects the plaintiff, it is clear that each jointly concurred in the construction of the dangerous and defective step which caused the plaintiff's injury. None of the cases cited and relied on by counsel for the defendant Clark exhibit a state of facts analogous to that presented in this case, and therefore they are not controlling or influential here. The motion to remand is sustained, at the cost of the defendant Clark.