**Gladys SMITH, Plaintiff-Appellee,**

v.

**J. C. PENNEY COMPANY, Defendant-Appellant,**

**No. 12388.**

United States Court of Appeals
Seventh Circuit.

Nov. 14, 1958.

a verdict for appellee and assessed damages at $1800. Appellant's motions for a directed verdict, made at the close of all the evidence, and for judgment notwithstanding the verdict were overruled by the trial court, and these rulings are assigned as error on this appeal.[1]

A motion for a directed verdict or for judgment notwithstanding is properly denied where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions. Burg v. Great Atlantic and Pacific Tea Co., 7 Cir., 1958, 256 F.2d 613; Nelson v. Business Men's Assurance Co. of America, 7 Cir., 1939, 108 F.2d 363, 365. The question in this case is, then, whether appellee's evidence is such that the jury could reasonably find, as it did, that appellee's personal injuries were caused by the negligence of appellant. Gunning v. Cooley, 1930, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Nelson v. Business Men's Assurance Co. of America, supra. Appellant's position is that the evidence fails, as a matter of law, to support a finding of negligence on its part.

Appellee was the only witness who testified concerning the accident and her uncontradicted testimony was that, as she was walking past appellant's store, a group of oncoming pedestrians caused her to step toward the store. As she did so, she slipped on a strip of ice, fell and suffered a back and hip injury. She testified further that, after her fall, she noticed water dripping from the edge of a metal cornice protruding from the building and that this water was freezing on the sidewalk in a strip under the cornice and along the building. She stated that this was the only ice on the sidewalk. There was no other evidence as to the condition of the walk at the time of this occurrence.

Russell P. Harker, Phil Harker, Frankfort, Ind. (Fred W. Campbell, Frankfort, Ind., on the brief), for appellant.

E. L. Keating, J. Frederick Hoffman, Lafayette, Ind., (R. Eugene Richey, Lafayette, Ind., on the brief) for appellee.

Before DUFFY, Chief Judge, SCHNACKENBERG and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

This diversity action was brought to recover damages for personal injuries sustained by appellee, plaintiff below, in a fall caused by ice on a sidewalk abutting appellant's store. The jury returned

1. By agreement of all parties and order of the court, third party proceedings initiated by defendant were separated for later trials.

The manager of the store, called as an adverse witness, stated that appellant was the sole tenant but not the owner of the building. He testified that he was aware that snow accumulated on the cornice and that, when temperature changes occurred, it would melt, fall to the sidewalk as water and freeze.

The cornice in question was a flat, metal projection approximately eight inches in width which served ostensibly as a protective covering for a canvas awning. There is no evidence that the projection or cornice was in any manner defective. There were no gutters or downspouts to divert the dripping water.

■ Although the law of the State of Indiana controls in this case, the parties agree that the courts of Indiana have not passed on the precise question presented. The owners of property abutting a public sidewalk have no duty to remove ice and snow deposited on their sidewalks by natural means. Cowin v. Sears-Roebuck & Co., 1955, 125 Ind.App. 624, 630, 129 N.E.2d 131, 134. The Appellate Court of Indiana so stated the rule in denying the existence of any civil liability on the part of an owner under a municipal statute providing criminal penalties for failure to remove ice and snow. It is a fair inference from the statement by that court, that there would be a duty on the part of an abutting owner to remove ice and snow which accumulated unnaturally or excessively due either to some artificial channeling of the water by the owner or through negligent maintenance of the building which causes ice to form excessively in localized spots.

■ Appellant was not the owner of the building in this case but the sole lessee; however, it is generally accepted that a lessee occupying the property with a right to unrestricted use may be liable for any accumulation of ice arising through his own negligence. Blanchard v. Stone's Inc., 1939, 304 Mass. 634, 24 N.E.2d 688; Stefani v. Freshman, 1919, 232 Mass. 354, 122 N.E. 293; Casey v. City of Philadelphia, 1953, 372 Pa. 284, 93 A.2d 470; 52 C.J.S. Landlord and Tenant § 440, p. 120.

Turning again to the evidence in this case, there is nothing to indicate that the cornice on the building involved was added by the lessee after he occupied the property and we must assume that it was a part of the building as leased. Further, there is no indication that the cornice was defective and in need of repair or that it had been negligently repaired or maintained by the lessee.

Many of the cases upon which appellee relies to impose liability on the lessee can be distinguished as turning upon either an affirmative negligent act of a lessee or failure of the lessee to make repairs. Thus Blanchard v. Stone's Inc., supra, involved the negligent maintenance of a sign upon which snow would accumulate, melt, drop to the sidewalk as water and freeze. The sign was bought, erected and maintained by the lessee. In Stefani v. Freshman, supra, a wooden canopy without proper drainage erected by a tenant caused accumulations of ice on a public walk. The facts in Casey v. City of Philadelphia, supra, show that the tenant allowed a depression in a sidewalk to go unrepaired for two years. Water collected in the depression and ice formed as a result, and the lessee neither corrected the defect in the sidewalk, nor, with constructive notice of its existence, did he take precautions by placing sand, ashes or other abrasives on the ice. Stith v. J. J. Newberry Co., 1935, 336 Mo. 467, 79 S.W.2d 447 did involve a "cornice" and awning projecting over the sidewalk but there was evidence that the defendant negligently failed to keep the awning properly rolled up thus causing a larger accumulation of snow which melted and froze on the sidewalk. The Supreme Court of Missouri considered persuasive this evidence of negligence on part of the occupying storekeeper's employees in that case, but, significantly enough, pointed out:

"As a practical matter, it would seem that in this climate it would be impossible, during certain periods in the winter months, to prevent some

drip onto the sidewalk from ice forming on cornices, shutters, windowsills, doorframes, or other slight projections on fronts of buildings. To hold an abutting owner liable for every such drip which freezes on the sidewalk would almost make him an insurer." 79 S.W.2d 447, 454.

Finally, we do not consider that this case comes within the rule in those cases in which building projections encroach upon a public sidewalk thus collecting snow which melts causing accumulations of ice constituting nuisances. See McConnell v. Bostelmann, 1893, 72 Hun 238, 25 N.Y.S. 390 (involving an awning built out over a sidewalk with gutters on the edges which spilled water on the walk); Marston v. Phipps, 1911, 209 Mass. 552, 95 N.E. 954 (involving a large bay window which projected beyond the street line and over the sidewalk). The Supreme Court of Minnesota, in considering whether an accumulation of ice on a public sidewalk resulting when fresh snow on a cornice of a building melted and the water dripped to the sidewalk was a "public nuisance" as defined in a Minnesota statute, M.S.A. § 616.01, imposing liability on an owner, stated:

"If plaintiff is right every time snow which has accumulated on a cornice, ledge, or window sill of a building melts, and causes ice to form on an abutting sidewalk below, the building owner is guilty of maintaining a nuisance. Such a rule of law seems too harsh and too broad. In determining whether an icy formation on a public sidewalk constitutes a public nuisance within the statutory definition, many factors need be considered. The size of the patch; the length of time it has been in existence; the cause thereof, as, for instance, a defective roof, negligently kept drain facilities, etc.; the diligence with which it has been removed or covered with sand— all are pertinent factors for consideration." Mesberg v. City of Duluth, 1934, 191 Minn. 393, 254 N.W. 597, 600.

Appellee failed to prove actionable negligence on the part of appellant in this case. As indicated, there is no evidence that the ice accumulated as a result of a defect in the structure or that appellant built or maintained a structure which caused an undue accumulation of ice, or failed to take any reasonable action to prevent or remove such an accumulation of ice. In light of all this, we hold that the evidence fails, as a matter of law, to support a finding of negligence on the part of appellant and that the trial court erred in denying appellant's motions for a directed verdict or for judgment notwithstanding the verdict.

The judgment of the district court is Reversed.