142 Ind. App. 698 (1968)
237 N.E.2d 281
PERSONNETT
v.
THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.
No. 20,598.
Court of Appeals of Indiana.
Filed June 4, 1968.
Rehearing denied July 22, 1968.
Transfer denied September 25, 1968.
Jay N. Given and Michael E. Connelly, of East Chicago, for appellant.
Lester Murphy, Jr., and Murphy, McAtee & Murphy, of counsel, of East Chicago, for appellee.
*699 PRIME, J.
This appeal emanates from a ruling by the trial court granting summary judgment in favor of Appellee. Acts 1965, Ch. 90, § 1, p. 126 Burns' Ind. Statutes, Vol. 2, Pt. 2, 1968 Repl. § 2-2524.
The judgment was entered March 7, 1966; the assignment of errors and transcript were filed June 3, 1966. The appeal is properly before us, pursuant to Indiana Supreme Court Rule 2-2 as amended, providing for direct appeal from summary judgments.
In substance, Appellant, plaintiff below, sought recovery for injuries sustained and income lost due to these injuries when he slipped and fell on an accumulation of ice and snow in front of Appellee's store.
Supporting its motion for summary judgment, Appellee submited an affidavit to the trial court. It recited the lack of a common law duty on the part of abutting property owners to remove snow and ice deposited on their sidewalks by nature; if there is no duty to passersby there can certainly be no breach of that duty.
Appellee's affidavit correctly states Indiana common law. However, there was in existence at the time of Appellant's injury a city ordinance requiring an abutting property owner to remove the snow and ice for a space six feet wide in front of the building. Considering the ordinance with the facts at bar as alleged in the complaint, the situation bears a remarkable similarity to the case of Cowin v. Sears Roebuck and Co. (1955), 125 Ind. App. 624, 129 N.E.2d 131. The Court noted the non-existence of a common law duty to remove snow and ice; one injured by slipping on that accumulation must recover, if at all, on the theory of a duty imposed by a city ordinance requiring removal. That court denied the right of recovery, reasoning that such ordinances are not for the protection of individual travelers, but rather that they are for hte benefit of the municipality.

*700 "There being no common law duty on the part of abutting owners to remove snow and ice deposited on their sidewalks by nature alone it is apparent, that except for the ordinance in question, the appellee could have left the snow and ice complained of on its sidewalks indefinitely with entire impunity and inevitably, as the result of traffic, thawing and re-freezing, the way would have become rough, uneven and an obstruction to safe travel and thereupon it would become the duty of the City of Fort Wayne to remove it."
"It is inconceivable to us that such an ordinance inures to the benefit of an individual traveler upon the highway to the extent that he is vested with a private right to damages against the abutting owner in the event he is injured by a mere non-compliance with its terms." Cowin v. Sears Roebuck and Co., supra, p. 630.
Appellant alleged that Appellee created the condition of snow and ice. It does not appear that Appellee caused the snow to fall, nor is it argued that Appellee caused some artificial condition, i.e., channeling water onto the sidewalk to freeze. It cannot be seriously argued that one by inactivity transforms a natural accumulation of ice and snow into an artificial condition.
"However he is not liable, in the absence of statute, for injuries caused by the natural accumulation of snow or ice on the sidewalk, although the hazardous condition is created by his lawful use of the sidewalk, as such, an accumulation does not prevent his use of the sidewalk as a means of access to his property, and does not require him to guard against accident by sprinkling ashes or taking of like precaution for the protection of the public." 40 C.J.S. 305, Highways, § 258.
The trial court properly ruled that no material facts were in dispute, and that Appellant was, as a matter of law, not entitled to recovery.
The judgment is affirmed.
Carson, C.J., Cooper, J., concur.
Faulconer, J., concurs in result.
NOTE.  Reported in 237 N.E.2d 281.