KALICKI *v.* BEACON BOWL, INC.

[No. 20,715. Filed July 25, 1968. No Petition for Rehearing filed.]

*Benjamin Piser*, of South Bend, for appellant.

*John E. Doran*, and *Doran, Manion, Boynton and Kamm*, of South Bend, for appellee.

SMITH, J.—Appellant, Winifred June Kalicki, filed a complaint to recover damages for personal injuries, being Cause No. B-8710, and loss of earnings sustained by a fall upon appellee's premises.

Appellant, Kenneth Kalicki, also filed a complaint for damages, the same being Cause No. B-8711, for the loss of companionship, consortium, and services of his wife, Winifred

June Kalicki, and for reasonable medical, hospital, and surgical bills incurred by him in the care and treatment of his wife.

Both causes of action were transferred to St. Joseph Superior Court No. 1 and the Judge of said court assumed jurisdiction of both cases.

By agreement of the parties, Cause No. B-8710 and Cause No. B-8711, were consolidated for the purpose of trial.

The appellee filed answers in two paragraphs to both complaints pursuant to Rule 1-3 of the Rules of the Supreme Court of Indiana.

Trial was to a jury and at the close of appellants' evidence, the appellee filed a written motion for a directed verdict in both cases, and submitted forms of verdict directing the jury to find for the appellee. The court sustained the motion for a directed verdict, and the jury in both cases returned a verdict in favor of appellee.

The appellants filed a timely motion for a new trial, Ground 3 of which is the only ground being considered in this appeal. Ground 3 is as follows:

"3. Error of law occurring at the trial, as follows:

"The Court erred in sustaining defendant's motion, made at the close of the plaintiffs' evidence, to instruct the jury to return a verdict for the defendant."

The court overruled the motion for a new trial, which ruling is the basis of this appeal. The sole assignment of error is the overruling of the motion for a new trial. The pertinent portions of appellant Winifred June Kalicki's complaint, and of appellant Kenneth Kalicki's, are substantially as follows:

That at all times hereinafter mentioned, the defendant, Beacon Bowl, Inc., an Indiana corporation, was the owner and operator of an establishment equipped with facilities for the playing of a game commonly referred to as "bowling", which

facilities the defendant invited the public to use in exchange for a fee.

That in connection with the above-described establishment, the defendant, Beacon Bowl, Inc., invited its customers to park their motor vehicles in an adjacent parking lot which it kept and maintained for that purpose.

That, on or about the 6th day of February, 1962, the said parking area was covered with an accumulation of ice and snow; that during the daylight hours of said day the accumulated ice and snow thawed and became slippery, and that in the evening hours the temperature became colder and additional snow fell upon the previously accumulated ice and snow and added to the slippery dangerous condition.

That on the said date the plaintiff, in the company of her husband and others, came upon the premises of the defendant and availed herself of the parking facilities offered by the defendant.

That later on the same date, the plaintiff left the establishment of the defendant, proceeded across a driveway and up a stairway provided for ingress and egress to the above-described vehicle parking lot.

That, while walking toward her vehicle in the said parking lot, the plaintiff slipped and fell upon the snow-covered ice upon the parking lot of the defendant and as a result of said fall suffered personal injuries.

That defendant negligently failed to keep and maintain its premises in a reasonably safe condition for the benefit of those who came upon the same as invitees of the defendant, including the plaintiff.

That the negligence of the defendant consisted of one or more of the following acts:

(a) The defendant failed to prevent the accumulation of ice and snow upon areas where a reasonably prudent businessman would expect his customers to walk.

(b) That the defendant knew, or in the exercise of reasonable care should have known, that the accumulated ice and snow was rendered slippery by the aforementioned thawing and freezing and failed to render the slippery spots safe for walking by putting an abrasive substance in the areas where a reasonably prudent businessman would expect his customers to walk.

(c) That defendant failed to warn the plaintiff of the said slippery and dangerous condition.

(d) That defendant failed to use reasonable care in that it failed to discover the said slippery and dangerous condition then and there existing in its vehicle parking lot and render it safe for its invitees, including the plaintiff.

The undisputed facts reveal that appellant Winifred June Kalicki knew of the condition of the parking lot before she entered the bowling alley; that she knew of the slippery condition of the parking lot after she left the bowling alley and returned to the upper level parking lot; that there was no evidence of any snow removal by the appellee and the snow which fell while she was inside the bowling alley was evenly dispersed; and that her only explanation for her fall was merely that her feet went out from under her.

It is the contention of the appellee that an operator of a business establishment who provides free parking facilities to his invitees is not responsible for injuries to such invitees *who fall on ice and snow accumulated on said parking lot through natural means.*

In answer to this contention of the appellee, the appellant cited several Indiana cases which generally deal with the legal responsibilities of a business proprietor to invitees who come upon his premises: *Robertson Bros. Dept. Store v. Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809; *Hickey, etc. v. Shoemaker* (1960), 132 Ind. App. 136, 167 N. E. 2d 487 (Tr. D.); *Huttinger v. G. C. Murphy Company* (1961), 131 Ind.

App. 642, 172 N. E. 2d 74 (TR. D); *Silvestro v. Walz* (1943), 222 Ind. 163, 51 N. E. 2d 629.

The appellee states that it agrees with the law as enunciated in these cases, and believes that the principles established by these cases are sound principles of law. However, the appellee maintains that none of these cases is applicable to the facts presented in this case.

The appellee states that the case of *Robertson Bros. Dept. Store v. Stanley, supra,* involves a situation where the plaintiff fell on accumulated snow and water *inside the entrance of a department store.*

The case of *Hickey, etc. v. Shoemaker, supra,* involved a fall on a *covered porch which was an entrance to a funeral home.*

The case of *Huttinger v. G. C. Murphy Company, supra,* involved a fall on accumulated water *inside a business premises.*

The case of *Silvestro v. Walz, supra,* involved a fall down an unguarded stairwell *inside a business establishment.*

It is the appellee's contention that none of these cases involves an open air parking lot such as was provided in the case at bar and, therefore, the principles set forth in the above cases are not applicable.

From a careful search of the decisions of our courts of appeal we can find no Indiana cases which involve a fall on an open air parking lot.

The appellants have attempted to cite cases from other jurisdictions involving open air parking lots in support of their contention that the appellee was under a duty to maintain the lot in question.

It is the contention of the appellee that the law in Indiana governing falls on open air parking lots due to *natural*

accumulations of ice and snow is exactly the same as the law concerning liability for falls upon a sidewalk. In support of this position the appellee has cited the case of *Cowin v. Sears-Roebuck and Co.* (1955), 125 Ind. App. 624, 129 N. E. 2d 131. The appellee also has cited the case of *Smith v. J. C. Penney Company* (1958), 261 F. 2d 218, wherein the federal court further elaborated on the principles stated in the *Cowin v. Sears-Roebuck and Co.* case and stated there could be liability on behalf of the abutting owner if he in some way changed the natural condition and channeled or diverted the snow or ice.

The appellee states also that other jurisdictions have recognized the existence of the rule of no liability for natural accumulations of ice and snow, and cites the following cases: *Crawford v. Soennichsen* (1963 Neb.), 120 N. W. 2d 578, 175 Neb. 87; *Crenshaw v. Firestone Tire & Rubber Company* (1963 N. M.), 380 P. 2d 828, 72 N. M. 84; *Hallet v. Furr's, Inc.* (1963 N. M.), 378 P. 2d 613, 71 N. M. 377; *Watts v. Holmes* (1963 Wyo.), 386 P. 2d 718; *Wise v. Great Atlantic & Pacific Tea Co.* (1953 Ohio), 115 N. E. 2d 33, 94 Ohio App. 320; *Zide v. Jewel Tea Company* (1963 Ill.), 188 N. E. 2d 383, 39 Ill. App. 2d 217.

The appellee states that in the case of *Crawford v. Soennichsen, supra*, which involves a fall upon a natural accumulation of ice and snow in a parking lot, the court stated:

"There is no liability on the part of an inviter owner to protect a customer against hazards which are known to the customer and are so apparent that he may reasonably be expected to discover them and be able to protect himself. Generally, the liability of an owner or occupant of the premises is predicated on proof of his superior knowledge, actual or constructive, of dangers to which invitee is subjected and of which invitee is unaware. 38 Am. Jur. Neg. Sec. 97, p. 757 and cases cited."

In the case of *Watts v. Holmes, supra*, the court stated:

"Dangers created by the elements such as the forming of ice and the falling of snow are universally known and the cases seem generally to hold there is no liability where the danger is obvious or is as well known to the plaintiff as to the property owner."

Finally, the appellee cites the case of *Zide v. Jewel Tea Company, supra,* in which the court stated:

"A property owner is not liable for injury sustained by a business invitee in a fall on an icy sidewalk or parking lot maintained by the property owner for the use of its customers *where the condition is a natural one and not caused or aggravated by the property owner.*" (Emphasis supplied.)

It is our opinion that in the *Zide* case the court has stated a very positive position wherein the court held that a distinction is to be made between *natural accumulations* and *unnatural or artificial accumulations* of ice and snow. The Illinois court in the *Zide* case cites the case of *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N. E. 2d 534, and the court in the *Zide* case distinguishes that ruling by pointing out that in the *Fitzsimons* case the court found liability because the injury was due to the thawing of a large pile of snow created by the defendant's plows and a drainage of the thawed snow across the parking lot where it subsequently refroze. The Illinois court stated that this was an unnatural condition and permitted recovery. However, the court in the *Zide* case found that there was a natural accumulation of snow and ice and, therefore, denied recovery.

It is our opinion that an operator of a business establishment who provides free parking facilities to his invitees is not responsible for injuries to such invitees who fall on ice or snow accumulated on said lot through natural means.

Judgment affirmed.

Cook, P.J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 673.