AMELIA NYERS *v.* GRUBER D/B/A GRUBER'S SUPERMARKET.

[No. 671A107. Filed December 1, 1971. Rehearing denied January 4, 1972. Transfer denied April 17, 1972.]

*Joseph O'Meara,* Legal Services, of South Bend, for appellant.

*James H. Pankow, John R. Obenchain,* of South Bend, for appellees.

LOWDERMILK, J.—This is an action for damages for personal injuries alleged to have been caused by defendant's negligence in failing to remove, within 24 hours, as required by a South Bend ordinance, snow and ice from the sidewalk in front of defendants-appellees' store.

Plaintiff-appellant does not set out Ordinance 35-5 of the South Bend Municipal Code, but a resume thereof shows that there was a duty imposed upon defendants by the city to remove snow and ice from the sidewalk in front of their store within 24 hours, but it imposed no penalty for failure to do so.

None of the pleadings were set out in the appellant's brief, nor were they paraphrased therein; however, the transcript shows the filing of a second amended complaint for damages and that defendants-appellees separately and severally, pursuant to Rule 12 F, filed motion to strike rhetorical paragraph 1 of the second amended complaint on the grounds the same was insufficient to plead any claim and was immaterial, which

motion was sustained by the court. The court handed down a written opinion, giving its reasons for its findings, which opinion is in the words and figures as follows, to-wit:

"Plaintiff's complaint alleges that plaintiff slipped on the sidewalk on ice in front of the defendants' place of business and suffered injuries. The only negligence alleged is that an ordinance of the City of South Bend made it the duties of the abutting property owner to remove snow or ice within twenty-four hours after the snow or ice had fallen or accumulated on the sidewalk and that the ice on the sidewalk had been there more than twenty-four hours.

"Defendants have filed a motion to strike the rhetorical paragraph of plaintiff's complaint which pleads the ordinance.

"Plaintiff, in oral argument, stated that she does not contend that her right of recovery is based upon the violation of the statute as negligence but that the ordinance establishes a standard of reasonable conduct and the negligence of the defendants arise from their failure to comply with the standard of reasonable conduct so established.

"Plaintiff relies on Klott v. Chapman (1961), 191 Fed. Supp. 484, an opinion by Judge Grant of the United States District Court for the Northern District of Indiana where words were used with reference to Tennessee Statute and ordinance as establishing standard of conduct. This phrase is dicta in that case.

"The case at bar is covered by Corwin [sic] v. Sears-Roebuck and Co. (1955), 125 Ind. App. 624.

"To the extent that plaintiff contends that the City of South Bend ordinance was enacted to establish a standard of conduct as between private individuals, the court notes that the city was not granted the power by the Legislature to create private rights and responsibilities between individuals. p. 628-629.

"For the reason above noted the defendants' motion to strike is sustained."

A motion to reconsider was filed by plaintiff-appellant, on which the court granted the right to reconsider and after oral argument sustained his original ruling on the authority of *Cowin* v. *Sears Roebuck and Co.* (1955), 125 Ind. App. 624, 129 N. E. 2d 131.

We are of the opinion that the trial court correctly sustained defendants-appellees' motion under Rule 12 F to strike rhetorical paragraph 1 of plaintiff-appellant's second amended complaint and that his reasons therefor, being set out in his opinion, need not be elaborated upon further by this court. The trial judge's opinion showed "Plaintiff, in oral argument, stated that she does not contend that her right of recovery is based upon the violation of the statute as negligence but that the ordinance establishes a standard of reasonable conduct and the negligence of the defendants arise from their failure to comply with the standard of reasonable conduct so established." Therefore, under the case of *Cowin* v. *Sears, Roebuck and Co., supra,* rhetorical paragraph 1 of the complaint adds nothing to the complaint and no evidence could be introduced thereunder in the trial of the cause. In fact, the plaintiff-appellant stated in answer to an interrogatory that she based her conclusion that the defendants were negligent as alleged in rhetorical paragraph 2 of her second amended complaint on the fact that defendants failed, within 24 hours, to remove the ice on the sidewalk in front of their place of business.

The *Cowin* case will be much discussed hereafter in this opinion, which will further bear out that the trial court did not err in striking the first rhetorical paragraph of plaintiff's second amended complaint.

The defendants-appellees filed motion under Trial Rule 12 C for judgment on the pleadings, which was followed by answer to the second amended complaint for damages in four paragraphs, the first admitting and denying allegations of the second amended complaint and the three other affirmative paragraphs of defense as follows: (2) failure to file the complaint within two years after the alleged injuries; (3) incurred or assumed risk of the plaintiff and contributory negligence; and (4) the plaintiff was guilty of laches.

Defendants-appellees next filed, under Trial Rule 56, their motion for summary judgment, which is in the words and figures as follows, to-wit:

"The defendants, by James H. Pankow, their attorney, hereby move the court to enter summary judgment in their favor, in accordance with the provisions of Trial Rule 56, on the ground that the pleadings, interrogatories propounded to the plaintiff, plaintiff's answers to defendants' interrogatories, and plaintiff's deposition, show that the defendants are entitled to judgment as a matter of law."

The transcript shows interrogatories propounded to the plaintiff, and shows the answers thereto.

Defendants-appellees in their brief complain of the following:

1. Plaintiff-appellant in her brief failed to set out her second amended complaint or even a summary thereof;

2. In her brief she failed to set out Grubers' answer to her second amended complaint, but summarized it in a manner which is vague and incomplete;

3. Nyers in her brief failed to set out Grubers' motion to strike;

4. Nyers in her brief failed to set out certain interrogatories propounded to her by the Grubers, and she also failed to set out in her brief her answers thereto. Defendants-appellees supplied this latest omission by inserting Interrogatory No. 1 and plaintiff's answer, which are as follows:

"INTERROGATORY NO. 1: Upon what facts do you base your conclusion that the defendants were negligent as alleged in rhetorical paragraph 2 of your second amended complaint?"

[Answer] "1. Upon the fact that defendants failed within twenty-four hours, to remove the ice on the sidewalk in front of their place of business."

5. Nyers, in her brief, failed to set out the defendants-appellees' motion for summary judgment, or a summary thereof.

6. Nyers, in her brief, failed to set out her motion to correct errors.

Defendants-appellees do not supply any of the omissions with the one exception that they did set out the one interrogatory and the answer thereto.

Defendants-appellees further complain that plaintiff-appellant's brief does not contain pleadings or even a summary thereof, but does state there are a few "appropriate references to the record". The motion to correct errors is slightly mentioned, on page 3 of appellant's brief. They further complain that the motion to correct errors does not appear at the beginning of the record.

Defendants-appellees submit that these errors and omissions, taken as a whole, do not constitute even a substantial compliance with the Appellate Rules, and consequently there is no reviewable question presented.

They further contend the trial court did not err in granting defendants' motion for summary judgment and overruling plaintiff's motion to correct errors. The sole allegation of negligence was that the defendants-appellees violated a snow removal ordinance. They further contend the rule is well settled in Indiana and all other jurisdictions except West Virginia that failure to comply with such an ordinance does not constitute negligence should a traveler or passer-by slip and fall and be injured.

Defendants-appellees, under their argument, insisted that the judgment of the court should be affirmed because of plaintiff-appellant's failure to comply with the rules and cited many authorities. In our opinion, these are in point but we shall not, in the interests of space, pass upon them here.

They further complain that the motion to correct errors does not appear at the beginning of the transcript, but complain that it is buried within the last few pages thereof and cite the case of *Thonert* v. *Daenell* (1970), 148 Ind. App. 70, 263 N. E. 2d 749. The *Thonert* case was, in part, overruled in the case of *State Board of Tax Commissioners* v. *Associated*

*Auto & Truck Rental, Inc.* (1971), 148 Ind. App. 611, 268 N. E. 2d 626, but it was overruled only insofar that the motion to correct errors had to be separately certified.

This court expects the rules of the Supreme Court to be followed; however, we shall not be so technical that we shall deprive a woman of her day in court merely because the ■ motion to correct errors was not first set out in the transcript immediately following the table of contents. We shall, in this instance, in view of the rule of liberal construction of the Rules, consider it a motion to correct errors even though we had to find it in the transcript of the record.[1]

The trial judge, in passing on the motion for summary judgment, entered a judgment which is set out in plaintiff-appellant's brief.

The motion to correct errors, omitting the formal parts, as it comes from pages 32-35 inclusive of the transcript, reads as follows, to-wit:

---

1. It is now apparent to this court that since the adoption of the new Rules of 1970, some lawyers are becoming inclined to send their work here for the courts of appeal to prepare their briefs, search the transcript and, in fact, do the lawyer's work. The volume of work in this court presently will not permit that to be done and with the additional criminal work to be filed in this court after January 1, 1972, even though we will have a ninth judge, will make the work load so heavy it will be impossible for this court to give prompt service to lawyers and litigants if we must do the lawyer's work.

In other words, this court is now notifying the lawyers of the State of Indiana that the liberalization of the rule is not a license for them to not adequately prepare their briefs with proper citations of authority and to not follow the Rules.

The writer of this opinion, in the future, will be more technical and shall not do the work for the lawyers as he has done in this case and one of the last cases on which he has written the opinion.

For a further discussion of this matter, read the dissent of Chief Justice Hoffman in *Willsey v. Hartman, infra.* See, also, the case of *Brotherhood's Relief & Compensation Fund, a Corporation v. Robert J. Smith,* wherein this court originally affirmed the judgment of the trial court for failure of the appellant to comply with the Rules in the preparation of the appellant's brief. In that case the Supreme Court, on a petition to transfer, granted the transfer and remanded the cause to the Appellate Court with instructions to order the appellant to re-brief the isues in accordance with Rule AP 8.3, to afford appellee opportunity to answer thereto, all to be accomplished within a reasonable time to be fixed by the Appellate Court.

"Error is claimed upon the following issues.

"1.   Is the violation of the duty imposed by South Bend's snow removal ordinance (Sec. 35-5 of the City's Municipal Code) negligence per se, absent impossibility or excuse?

"2.   Must said ordinance be pleaded by a plaintiff relying upon it?

*"Errors*

"1.   The court did not decide the first issue but, instead, decided an issue not present in the case, namely, whether the violation of said ordinance imposes upon an abutting property owner any liability for damages to a person using the sidewalk.   There is a conflict between the Court's opinion and the judgment, a conflict which might have been avoided if the judgment had been submitted to plaintiff's counsel before it was filed.   Plaintiff naturally assumes that the Court intended to be consistent.   Indeed, the opinion says:

'Counsel for the defendants are ordered to prepare a proper order *in accordance with the view herein expressed...*'

Accordingly plaintiff interprets the judgment in the light of the opinion and the opinion does not say that defendants are free of negligence as a matter of law.   Indeed the opinion expresses no view whatever on negligence, but is addressed to the question whether violation of the ordinance in question imposes upon an abutting property owner any liability for damages to a person using the sidewalk, as to which question the judgment is silent.

"2.   The court decided the second issue erroneously, and erroneously struck from the second amended complaint the first paragraph thereof wherein plaintiff had pleaded the ordinance in question.

*"Grounds Upon Which The Errors Are Based*

"1.   The pertinent statute (Burns, 48-1407) authorizes the common council of every city:

'Thirty-first, . . . to require the owner or occupant of premises to keep the sidewalks in front of the same free from snow and other obstructions, and to prescribe hours for cleaning the same.'

"Pursuant to said statute, the City of South Bend duly enacted Sec. 35-5 of the City's Municipal Code making it the duty of every owner, lessee or occupant of any premises abutting or bordering upon any street in said city to re-

move, or cause to be removed, all snow and ice from the sidewalk in front of such premises within twenty-four hours after such snow or ice shall have fallen or accumulated thereon; and said ordinance was in full force and effect on December 1, 1966.

"Said ordinance imposed a duty upon defendants to remove snow and ice from the sidewalk in front of their place of business within 24 hours.

"Defendants admit that they violated said duty.

"The violation of that duty was negligence. It is the law of Indiana that 'the violation of a duty prescribed by statute or ordinance is negligence *per se* or as a matter of law' unless 'compliance with the provisions of the statute or ordinance was impossible or non-compliance was excusable'. *New York Central Ry.* v. *Glad,* 179 N. E. 2d 571, 574 (Sup. Ct. of Ind., 1962) ; *Jenkins* v. *City of Fort Wayne,* 210 N. E. 2d 390, 392 (App. Ct. of Ind., 1965). These cases have not been questioned, qualified or overruled, and are binding on the Court in this case.

"Yet they are not even mentioned in the Court's opinion and are totally disregarded in the judgment, which, instead of finding the defendants negligent as these cases require, finds that they were *not* negligent as a matter of law. Thus the Court, in effect, has overruled the Supreme and Appellate Courts of Indiana.

"Did the violation of the ordinance here in question impose upon defendants a liability for damages to plaintiff? According to the Court's opinion that is the issue; but no such issue is raised by the pleadings. And plaintiff does not claim and never has claimed that defendants are liable to her because they violated said ordinance. Her complaint sounds in negligence, and she relies on the cases previously cited *(New York Central Ry.* v. *Glad* and *Jenkins* v. *City of Fort Wayne)* which hold that, absent impossibility or excuse, violation of a duty imposed by ordinance is negligence *per se—not liability per se* but negligence *per se. New York Central Ry.* v. *Glad,* 179 N. E. 571 at 576.

"Since plaintiff's case is based on negligence it can be defeated, even though defendants were negligent by proof of contributory negligence or incurred risk; and defendants recognize this because they have pleaded both of those defenses in their answer to the seconded [sic] amended complaint.

"In its opinion the Court relies on *Corwin* [sic] v. *Sears-Roebuck & Co.,* 125 Ind. App. 624, 129 N. E. 2d 131 (1955).

The basis of that decision is clearly stated by the Court as follows (pp 132-3 of 129 N. E. 2d) :

> 'While we have found no Indiana authority directly in point, an examination of decisions in general convinces us that the universally accepted rule is to the effect that the duty cast upon abutting owners by snow and ice statutes or ordinances, such as we have before us, is a public one the *breach of which can be punished only by some sort of public prosecution. . . .'*

"No such basis exists in the case at bar. Defendants cannot 'be punished by some sort of public prosecution' because the ordinance in question does not provide a penalty. Since there is no penalty, there can be no punishment and, therefore, the basis of the *Corwin* [sic] decision is lacking here and that case does not apply.

"*Corwin* [sic] v. *Sears-Roebuck & Co.* is the only authority relied on by the Court in its opinion. That case holds nothing whatever, one way or the other, concerning negligence. Thus it is doubly inapplicable; it supports neither the Court's opinion nor the judgment.

"No authority cited by either counsel or the Court supports the finding in the judgment that, as a matter of law, defendants were *not* guilty of negligence; and plaintiff knows of no authority supporting that finding which is clearly erroneous.

"2. The Court struck from the second amended complaint the first paragraph thereof, wherein plaintiff had pleaded the ordinance here in question, that is, Sec. 35-5 of the South Bend Municipal Code. This was error. *Clevenger* v. *Town of Rushville,* 90 Ind. 258, 260-61 (1883) ; *Indianapolis Traction & Terminal Co.* v. *Hensley,* 115 N. E. 934, 937 (Sup. Ct. of Ind. 1917). In the latter case the Supreme Court held (115 N. E. at p. 937) :

> '. . . the general rule is well settled that courts do not take judicial notice of ordinances of incorporated towns and, where suit is predicated on such an ordinance, so much of the same as relates to the action must be made a part of the complaint.'

### "*Conclusion*

"Both the opinion of the Court and the judgment are contrary to law. They should be set aside and the motion for summary judgment overruled."

Plaintiff-appellant urges error because the court refused to consider the case of *N. Y. Cent. R. R. Co.* v. *Glad* (1962), 242 Ind. 450, 179 N. E. 2d 571, and *Jenkins* v. *City of Ft. Wayne* (1965), 139 Ind. App. 1, 210 N. E. 2d 390, These cases do discuss the violation of a statute or ordinance being negligence *per se* or as a matter of law. They state further, however, that negligence *per se* or as a matter of law does not necessarily mean liability *per se*. In each of these cases there had been a trial on the issues and the facts were different from the facts in this case and neither case, in our opinion, is applicable, as urged by the plaintiff-appellant.

The motion to correct errors is by no means a model to be followed by others, but does show on its face, a good faith attempt to comply with Rule 59 (A), (B).

We shall proceed to pass on this case on the questions presented to this court.

The trial judge granted the motion for summary judgment and entered his findings and judgment thereon, which are as follows:

"This cause, having come on to be heard on the motion of the defendants for summary judgment pursuant to Trial Rule 56 of the Indiana Rules of Procedure, and the court, having considered the pleadings in the action; the defendants' interrogatories to the plaintiff, and the plaintiff's answers thereto; the plaintiff's memorandum in opposition to defendants' motion for summary judgment; and having heard oral argument;

"The Court now makes the following findings: That although the plaintiff fell on the sidewalk abutting the defendants' property, plaintiff's complaint neither alleges nor was any evidence submitted to show an unnatural accumulation of snow and/or ice; plaintiff's sole allegation of negligence was defendants' failure to remove, within 24 hours, snow and ice from the sidewalk in front of their place of business in violation of § 35-5 of the South Bend Municipal Code; that the defendants in their responsive pleadings admitted that snow and ice had not been removed from the

sidewalk within 24 hours; that there is no genuine issue of fact to be submitted to the trial court on the issue of negligence of the defendants and that as a matter of law, the defendants were not guilty of any negligence nor was there any statutory or common law duty breached by the defendants; and that further, the defendants are entitled to judgment as a matter of law;

"IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED that defendants' motion for summary judgment is granted and it is further ordered, adjudged and decreed that judgment be entered for the defendants and that costs be taxed against plaintiff and in favor of the defendants and that judgment be that plaintiff take nothing by reason of her complaint and judgment be entered for defendants."

Plaintiff-appellant contends that she was a member of a class for whose benefit the ordinance was passed, namely, persons using the sidewalk; that the ordinance imposed upon defendants a duty which they admittedly violated; that the violation of that duty was negligence. Hence, it was error for the trial court to grant defendants' motion for summary judgment.

She further argues that courts do not take judicial notice of municipal ordinances and that a suit predicated upon an ordinance so much thereof as relates to the action must be set out in the complaint. Hence it was error to strike from the second amended complaint the paragraph alleging the ordinance.

The pertinent statute under which the ordinance was created was I.C. 1971 18-4-1-1 Ind. Ann. Stat. § 48-1407 (Burns 1963 Repl.) Common Councils of Cities, under Powers, of which the thirty-first authorizes and gives the city power, among other things, to "require the owner or occupant of premises to keep the sidewalks in front of the same free from snow and other obstructions, and to prescribe hours for cleaning the same."

She further contends that the ordinance imposed a duty upon defendants-appellees to remove snow and ice from the

sidewalk in front of their store within 24 hours and further contends that "the violation of the duty prescribed by statute or ordinance is negligence *per se* or as a matter of law" unless "compliance with the provision of the statute or ordinance is impossible or excusable. [Citing cases.]" Her further contention is that the court found as a matter of law the defendants-appellees were not negligent, which she contends is an overruling of the Supreme and Appellate Court cases heretofore handed down.

She further contends that the case of *Cowin* v. *Sears-Roebuck and Co.* (1955), 125 Ind. App. 624, 129 N. E. 2d 131, is not pertinent to the issues concerning negligence and is not in point and does not support the judgment and plaintiff-appellant quotes in her brief from the *Cowin* case, *supra,* the following:

> "While we have found no Indiana authority directly in point an examination of decision in general convinces us that the universally accepted rule is to the effect that the duty cast upon abutting owners by snow and ice statutes or ordinances, such as we have before us, is a public one *the breach of which can be punished only by some form of public prosecution and for which a private action will not lie.* (Emphasis supplied)"

She further contends that since there is no penalty under the ordinance there can be no punishment and that the *Cowin* case is lacking in that there is no punishment and could not apply to the case at bar.

Plaintiff-appellant further quotes the general rule from 63 C.J.S., *Municipal Corporations,* Sec. 862 (2), p. 234, as follows

> "Ordinances requiring property owners or occupants to remove snow or ice from sidewalks abutting their premises *and providing a penalty for non-compliance therewith* create no duty on the part of such owners or occupants to members of the public; and statutes and ordinances of such nature impose no liability for injuries resulting from snow or ice coming on the sidewalk. (Emphasis supplied)"

In *Cowin, supra,* the court said:

"* * * While we have found no Indiana authority directly in point an examination of decisions in general convinces us that the universally accepted rule is to the effect that the duty cast upon abutting owners by snow and ice statutes or ordinances, such as we have before us, is a public one the breach of which can be punished only by some form of public prosecution and for which a private action will not lie. In *Hale* v. *Knoxville* (1950), 189 Tenn. 491, 226 S. W. 2d 265, the court said: 'We think it clear that the duty imposed by this ordinance was for the benefit of the municipality and not for the benefit of individuals composing the public.' The court reached this conclusion because, as stated, individual members of the public are sufficiently protected by the common law duty of the city to keep its streets reasonably safe for travel. * * *"

We have been more than liberal with plaintiff-appellant in writing on this case and we owe the same treatment to the defendants-appellees. Therefore, in answer to plaintiff-appellant's argument that there was no penalty under the ordinance under which she attempted to proceed we shall quote from defendants-appellees' brief on that point as follows:

"Nyers attempts to distinguish the *Cowin* case in that this case involved an ordinance providing a penalty for non-compliance, said penalty providing for a fine of not less than one dollar or more than one hundred dollars. Actually, the snow removal ordinance in *Cowin* did not provide for a penalty for violation, but rather there was a general ordinance of Fort Wayne which fixed a fine of not less then one dollar or more than one hundred dollars for the violation of any ordinance not carrying its own penalty."

Plaintiff-appellant in her reply admits that the South Bend Municipal Code contains a general provision imposing a penalty for violation of an ordinance which itself carries no penalty, but contends that such general provision is inapplicable. This contention is that because the ordinance in question does provide what the consequences of violating it shall be that to hold the general provision applicable would be to hold the violator is subject to a fine in addition to the

consequence the ordinance itself provides; thus, there would be a double consequence for violating this particular ordinance, as against a single consequence for violating other ordinances. She further contends that that result could not have been intended.

With plaintiff-appellant's argument on this point we cannot agree, as the law in Indiana is so well settled that it needs no citation of authority that one violating a law or ordinance may suffer a penal punishment, providing the statute or ordinance provides a penal punishment, as well as punishment by way of damages to the person injured as a proximate result of defendant's negligence.

Plaintiff-appellant further states, at page 11 of her reply brief:

"As plaintiff has repeatedly stressed, she does not claim that the ordinance here in question imposes a civil liability on a violator. What she does claim is that the ordinance imposes a duty, the violation of which is negligence."

This court finds it impossible to follow such reasoning that there is no claim that the ordinance in question imposes a civil liability on a violator, while at the same time plaintiff-appellant claims the ordinance imposes a duty, the violation of which is negligence. At this point plaintiff-appellant refers to the issues presented for review in her reply brief at page 1:

" 'Plaintiff does not claim and never has claimed that defendants are liable to her merely because of their noncompliance with the terms of the ordinance in question. *Her complaint sounds in negligence,* and she relies on the cases previously cited (decided *after Cowin*) which hold that, absent impossibility or excuse, violation of a duty imposed by ordinance is negligence *per se.* [citing cases.] * * *'

"Plainly, therefore, the precise question presented is *not* whether defendants' violation of the ordinance gave rise to a cause of action, but, on the contrary, *whether it gave rise to one element of a cause of action, namely, negligence.*"

It now appears to this court that the plaintiff-appellant has eliminated any question she has attempted to raise as to the striking of rhetorical paragraph 1 of the second amended complaint or the granting of a summary judgment.

Plaintiff-appellant contends that persons using the sidewalks are likely to be exposed to injury by non-performance of the duty imposed by the ordinance here in question, and that plaintiff, a user of the sidewalks of the city of South Bend is therefore a member of the class intended to benefit from the ordinance. With this we cannot agree and the cases cited by her are not in point on this question.

> Ordinances such as the one on which plaintiff-appellant attempted to rely are not for the protection of individuals using the streets, but they are, rather, for the benefit of the municipality. See *Personnett* v. *The A & P Tea Company, infra.*

Defendants-appellees, in answer to plaintiff-appellant's argument, state that in *Willsey* v. *Hartman* (1971), 149 Ind. App. 5, 269 N. E. 2d 172, the court held that the appellant satisfied the requirements of the appropriate Appellate Rules because the brief did state that the sole issue presented for review was the overruling of the motion to correct errors. They further contend that plaintiff-appellant's brief does not even do this and submit that in that regard plaintiff-appellant's brief does not comply with the Appellate Rules, even under the liberal approach set forth in *Willsey* v. *Hartman, supra.*

It is true that plaintiff-appellant, in her brief, did not say in so many words that the issue presented for review was the overruling of the motion to correct errors. In the conclusion thereof she states that the opinion of the court and the judgment are contrary to law and should both be set aside and the motion for summary judgment overruled.

It is our opinion that *Cowin* v. *Sears Roebuck, supra,* is

still the law in the State of Indiana. The case of *Halkias* v. *Gary National Bank* (1968), 142 Ind. App. 329, 234 N. E. 2d 652, quoting from *Hecht Co.* v. *Hohensee,* 83 Fed. 2d 585 (D. C.Cir. 1936) said:

"The owner or occupant is not an insurer of the safety of pedestrians using the abutting public sidewalk."

In *Personnett* v. *The A & P Tea Company* (1968), 142 Ind. App. 698, 237 N. E. 2d 281, which was an appeal from a ruling by a trial court granting summary judgment in favor of the appellee with the assignment of errors and transcript properly before the court pursuant to the old Supreme Court Rule 2-2 as amended, providing for direct appeal from summary judgments, the case of *Cowin* v. *Sears Roebuck and Co., supra,* was relied upon as authority. The appellant, plaintiff below, sought recovery for injuries sustained and income lost when she slipped and fell on an accumulation of snow and ice in front of the appellee's store.

Appellee filed a motion for summary judgment, submitting an affidavit to the trial court which recited the lack of a common law duty on the part of abutting property owners to remove snow and ice deposited on their sidewalks by nature; if there is no duty to passersby there can certainly be no breach of that duty.

The court further said that appellee's affidavit correctly stated the Indiana common law, but there was in existence at the time of appellant's injury a city ordinance requiring an abutting property owner to remove the snow and ice for a space six feet wide in front of the building. Considering the ordinance with the facts at bar as alleged in the complaint, the court stated that the situation bore a remarkable similarity to the case of *Cowin* v. *Sears Roebuck and Co., supra.* The court noted the non-existence of a common law duty to remove snow and ice; one injured by slipping on that accumulation must recover, if at all, on the

theory of a duty imposed by a city ordinance requiring removal. That court denied that right of recovery, reasoning that such ordinances are not for the protection of individual travelers, but rather that they are for the benefit of the municipality. The court, in *Personnett,* held:

"The trial court properly ruled that no material facts were in dispute, and that Appellant was, as a matter of law, not entitled to recovery."

In *Kalicki* v. *Beacon Bowl, Inc.* (1968), 143 Ind. App. 132, 238 N. E. 2d 673, the injured party fell on defendant-appellee's parking lot of the bowling alley with the lawsuit ensuing for personal injuries.

The court, speaking in the *Kalicki* case, said:

"It is the contention of the appellee that the law in Indiana governing falls on open air parking lots due to *natural* accumulations of ice and snow is exactly the same as the law concerning liability for falls upon a sidewalk. In support of this position the appellee has cited the case of *Cowin* v. *Sears-Roebuck and Co.* (1955), 125 Ind. App. 624, 129 N. E. 2d 131. The appellee also has cited the case of *Smith* v. *J. C. Penney Company* (1958), 261 F. 2d 218, wherein the federal court further elaborated on the principles stated in the *Cowin* v. *Sears-Roebuck and Co.* case and stated there could be liability on behalf of the abutting owner if he in some way changed the natural condition and channeled or diverted the snow or ice."

There was nothing before the trial court by way of affidavit, deposition, interrogatories, or otherwise in the case at bar that there was any change in the accumulation of snow or ice on the sidewalk in front of defendants-appellees' property.

In *Boss-Harrison Hotel Co.* v. *Barnard* (1971), 148 Ind. App. 406, 266 N. E. 2d 810, 24 Ind. Dec. 585, in an opinion by Judge Sharp on a case involving an injury to a woman falling on snow on a sidewalk, it was stated that the facts in that case were indistinguishable from the case of *Halkias* v. *Gary Nat'l Bank, supra,* and stated:

" * * * In that case the facts showed that ice and snow had been piled high 'between the curb between the street and the sidewalk' by a snow plow operated by the State. A narrow passageway had been cleared through it wide enough for persons to walk in single file. This Court in *Halkias, supra,* held that there could be no liability in such a situation unless the defendant had created a more dangerous condition and the injuries were directly attributable to that condition. This Court found that neither of the above factors had been established and upheld a directed verdict for the defendant. There was no concrete evidence, only conjecture and speculation, that the piece of ice on which the plaintiff fell was due to or originated from the efforts of the defendant."

The trial court ruled under Rule TR 56 of Indiana Rules of Procedure, which pertain to summary judgment. The court said in *Klinger* v. *Caylor* (1971), 148 Ind. App. 508, 267 N. E. 2d 848:

"The Supreme Court and this court have said many times before that the purpose of a summary judgment is to allow the trial court to determine, without litigation, the existence of genuine material issues of fact and a finding in favor of a moving party is a finding that he is entitled to judgment as a matter of law. However, it is the burden of the party moving for a summary judgment to show the lack of a genuine issue of fact. It has been held that if there is *any* doubt as to the existence of a factual issue, then the motion must be resolved in favor of the non-mover. *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N. E. 2d 215; *Newcomb* v. *Cassidy* (1969), Ind. App. 245 N. E. 2d 846."

See, also, *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448.

Appellant's attorney handed the court, a few minutes before oral argument, additional authorities as follows:

"*State Board of Tax Commissioners* v. *Associated Auto & Truck Rental, Inc.* (1971), Appellate Court, 268 N. E. 2d 626, 627, cited on page 4 of plaintiff's reply brief, is followed by *Pavach* v. *State* (August 2, 1971), Appellate Court, 271 N. E. 2d 896, 901."

The court has read these and cannot find where they are material or of any help to the plaintiff-appellant.

After oral argument defendants-appellees asked for permission to file additional authority and cited Section 4-532, Snow and Ice Removal, and Section 4-599 Penalty, from the case of *Personnett* v. *The A & P Tea Company, supra,* which was an East Chicago ordinance and was comparable and practically the same as the ordinance of South Bend. There was no penal provision made a part of Section 4-532 pertaining specifically to it. However, the penalty provision provided in Section 4-599 for:

> "Any person violating any of the provisions of this chapter, upon conviction thereof, shall be fined in any sum not more than Two Hundred Dollars ($200.00) for each offense."

There having been no objection by plaintiff-appellant made when the defendants-appellees offered to furnish this further citation, we have considered the same and it complies, to what we have determined from briefs of the parties and the reading of the transcript, to the South Bend snow ordinance, had a penal provision, and therefore the trial court was correct in its written opinion that the South Bend ordinance was not an ordinance to protect a certain class of people, but was enacted for the benefit of the municipality.

The alleged injury of plaintiff-appellant occurred on December 1, 1966; there is no evidence she ever gave the city notice of the fall and it is apparent to the court that plaintiff-appellant is making an attempt to get into court "by the back door" to circumvent the law on the requirement of notice and the statute of limitations.

This court has held hereinabove in this opinion that there was no error in striking the first rhetorical paragraph of plaintiff's second amended complaint and necessarily comes to the conclusion, after a review of the cases, hearing arguments of counsel and supplemental information presented by

counsel, that the trial court properly ruled that there was no issue of material fact raised by the pleadings and was correct in awarding a summary judgment to the defendants-appellees, and that the judgment of the trial court should be, and is hereby, affirmed.

Robertson, J. concurs; Sullivan, P. J., concurs with opinion, in which Buchanan, J. concurs.

CONCURRING OPINION

SULLIVAN, P. J.—I concur but solely upon the basis that an abutting landowner's negligence, if any, for failure to remove snow and ice is not created by violation of a general and all-inclusive snow removal ordinance but, rather, by reason of an owner's affirmative act in creating a more dangerous condition (See *Boss-Harrison Hotel Co.* v. *Barnard* [1971], 148 Ind. App. 406, 266 N. E. 2d 810) or perhaps even by a common law responsibility for injuries sustained by reason of un unnatural accumulation of snow or ice. *Kalicki* v. *Beacon Bowl, Inc.* (1968), 143 Ind. App. 132, 238 N. E. 2d 673, strongly implies the existence of liability of the latter origin. See also *Smith* v. *J. C. Penney Co.* (7th Cir. 1958), 261 F. 2d 218.

To be sure, the city is required to keep its public ways clear of unnatural accumulations of snow or ice. *City of So. Bend et al.* v. *Fink, Admx., etc.* (1966), 139 Ind. App. 282, 219 N. E. 2d 441; *Johnson* v. *City of Evansville* (1932), 95 Ind. App. 417, 180 N. E. 600. The city's duty, however, cannot be delegated by way of ordinance so as to impose a theretofore nonexistent liability. See *Town of Argos* v. *Harley* (1943), 114 Ind. App. 290, 49 N. E. 2d 552; *Wickwire et al.* v. *The Town of Angola* (1892), 4 Ind. App. 253, 30 N. E. 917; *Kane* v. *City of Indianapolis* (Cir. D. Ind. 1897), 82 F. 770. The latter case stated the principle as follows:

"In other words, [the city] cannot transfer to private citizens that responsibility which, for wise purposes of public policy, the law casts upon it in reference to the care and safety of its streets and walks.

"From these principles it results that, as to third parties who have sustained injuries from the dangerous and defective condition of its streets and walks, the responsibility of the city is primary, and it cannot shift from itself this primary responsibility." 82 F. 770, 773.

As the *Kane* case and the case of *City of Evansville et al.* v. *Lehman* (1965), 138 Ind. App. 587, at 603, 210 N. E. 2d 672, indicate, the principle of non-delegability does not necessarily preclude the existence of liability on the part of an abutting owner as well as on the part of the municipality. Suffice it to say, however, that any such duty should not exceed the scope of the municipality's obligation to remove unnatural accumulations of snow and ice. Quite clearly, then, an abutting owner's common law duty concerning removal of snow or ice would not under any circumstances require removal within twenty-four hours of any and all snowfall, no matter how slight, as purportedly required by the ordinance here in question.

With reference to a factor given much emphasis by the primary opinion herein and somewhat contrary to the implication contained in *Cowin* v. *Sears-Roebuck and Co.* (1955), 125 Ind. App. 624, 129 N. E. 2d 131, I do not see how the presence or absence of a penal provision in the ordinance considered can confer or eliminate the safety factor inherent in such ordinance which exists for the protection and benefit of pedestrians traveling upon the public sidewalks as well as for the benefit of the municipality. In my view, the ordinance is no different in this respect from other statutes or ordinances which serve to protect the safety of the public, the violation of which gives rise to a provable allegation of negligence even though such statutes or ordinances also contain penal sanctions. See *Union Traction Co.* v. *City of Muncie* (1921), 80 Ind. App. 260, 133 N. E. 160. I see no merit or logic in maintaining this artificial distinction.

Further, appellee has herein asserted that a city is not empowered, unless specifically authorized by act of the General

Assembly, to confer private rights or responsibilities as between individuals. Such contention is in fact embodied in the decision and opinion of the trial court and is adopted by the primary opinion herein. See *Cowin v. Sears-Roebuck and Co., supra,* which relies for this principle solely upon 25 Am. Jur., *Highways,* § 366. 125 Ind. App. 624 at 628. It seems to this writer, however, that the logic and persuasiveness of well-reasoned and well-established *Indiana* case authority, which clearly acknowledges creation of private duties and responsibilities by enactment of municipal ordinances affecting public safety, should be controlling. *New York, etc., R. Co. v. Lind* (1913), 180 Ind. 38, 102 N. E. 449; *Union Traction Co. v. City of Muncie, supra.*

I therefore concur in the result only.

Buchanan, J., concurs.

NOTE.—Reported in 275 N. E. 2d 863.